VICTOR M. MARIN, Plaintiff, *v.* FRANCISCA REYES, INC. Defendant.*

Supreme Court, New York County, December 26, 1931.

* Affd., 238 App. Div. 779.

*Odin Gustafson,* for the plaintiff.

*Bushel & Gottlieb,* for the defendant.

SHIENTAG, J.   Action to recover the sum of $15,000 representing the balance due on a promissory note for $20,000 made by the defendant, dated January 16, 1926, and payable three months after date.   The note was delivered in consideration of the purchase by the defendant of a painting and pursuant to an agreement which, among other things, described the painting as follows: "An original painting of the Spanish Classic Painter Rodriguez de Silva Velásquez, representing in its natural size the picture of Dona Isabel de Borbon, second wife of the King of Spain, Don Felipe Cuarto."   Defendant resisted payment of the note because there was a cloud upon the title to the picture and because it was not a genuine Velásquez.   Defendant also pleaded a rescission of the contract and counterclaimed for $5,000, the amount paid to plaintiff's intestate before the due date of the note.   I find from the evidence, oral as well as written, as follows: (1) That the plaintiff's intestate agreed to sell the defendant a painting which he warranted was an original Velásquez; that the painting was not a Velásquez, but, on the contrary, was one of doubtful origin, was in effect admitted by plaintiff.   This breach of warranty of genuineness constitutes a defense to the action.   (2) That plaintiff's intestate warranted that he had good title to the picture.   As matter of fact, the title was disputed, and up to the time of the trial a claim made against the painting.   "A reasonable doubt as to the title is sufficient to authorize its rejection." (*Van Vliet & Place* v. *Gaines,* 249 N. Y. 106, 110.)   (3) That, after defendant questioned the title and the genuineness of the painting, plaintiff's intestate agreed to clear the title and prove the authenticity of the painting.   There was a complete failure to fulfill these undertakings on the part of the plaintiff's intestate.   (4) That the defendant is entitled to rescission of the contract of sale and to return of the sum of $5,000 which was paid at the time of the delivery of the note.   The contention of the plaintiff that defendant did not rescind in time is not well founded.   The evidence discloses that title to the picture never passed, and that the defendant never obtained possession of the picture.   Notice, therefore, of rescission was not necessary. (*Wolf* v. *National City Bank of*

*New York,* 170 App. Div. 565; 3 Williston Cont. 2617.) In any event, defendant rescinded immediately upon learning of the breach of warranty.

Judgment is accordingly directed for the defendant on its counter-claim in the sum of $5,000, and the complaint is dismissed on the merits.  Settle order.