In the Matter of the Estate of JUAN-ROMAN GARCIA TUDURI, Deceased.

Surrogate's Court, New York County, June 20, 1935.

*Odin Gustafson*, for the ancillary administrator.

*Bushel & Gottlieb*, for Francisca Reyes, Inc., objectant.

*M. Harworth Handler*, for the National Surety Corporation, objectant.

*Connelly & Cregan*, for M. deS. Caralt, objectant.

DELEHANTY, S. The ancillary administrator of this estate has filed an account which sets forth as the sole asset of deceased an oil painting the sale of which in the lifetime of deceased has been the subject-matter of litigation in the Supreme Court. Deceased died

possessed of a promissory note whereunder one of the objectants here promised to pay the sum of $20,000 to a person who is described as the agent of deceased. Thereafter payment of $5,000 was made on the note and the balance was unpaid at the time of deceased's death. The accounting party here instituted in the Supreme Court an action to recover, with interest, the balance of principal of the note. Issue in that action was finally joined on an answer which asserted that the note upon which suit was brought was delivered in the purchase of such painting and in reliance upon guaranties of the authenticity of it and in further reliance upon the ability of deceased to deliver an unincumbered title. The answer alleged further that claim to the painting had been made by a third party, that deceased's title to it was in fact not clear and that the painting was not genuine. The Supreme Court rendered a judgment,* eventually affirmed in the Court of Appeals, which held that the note sued upon was unenforcible. That court further granted to objectant here (who was defendant in the action on the note) an affirmative judgment for the return of the $5,000 paid on the note, together with interest and costs. (263 N. Y. 550.)

The account filed lists as a valid general claim against the estate the judgment so obtained. As of March 1, 1933, this amounted to a sum slightly in excess of $7,000. The major objection of the successful defendant in the action referred to is based upon the claim made by it that it has and has at all times had a vendee's lien against the painting which is reported as an asset of the estate; and that by reason of such lien no interest or right in the painting inures to the estate except in subordination to the vendee's lien claimed. The accountant asserts that the status of this objectant is that of a general creditor of the estate.

The difference in legal position is substantial. If the estate has only the equity in the oil painting then its value, if it has any, must be applied to the payment of the valid claims of the lienor and it will not be subject even to administration expenses unless a surplus is realized above the amount necessary to satisfy the lien. On the other hand, if the status of objectant is that of a general creditor the proceeds of the asset reported are subject to the usual administration expenses and preferred charges and objectant will have only a ratable share in any net sum distributable to general creditors.

Section 150 of the Personal Property Law gives to a buyer various remedies for breach of warranty. Among these is the right to rescind the sale and to recover any part of the price which has been paid. Subdivision 5 of this section of the Personal Property Law says: " Where the buyer is entitled to rescind the sale and elects to do so, if the seller refuses to accept an offer of the buyer to return the goods,

* 147 Misc. 136.

the buyer shall thereafter be deemed to hold the goods as bailee for the seller, but subject to a lien to secure the repayment of any portion of the price which has been paid, and with the remedies for the enforcement of such lien allowed to an unpaid seller by section one hundred and thirty-four."

By the quoted subdivision the right of lien is related back to the provisions of section 134 of the Personal Property Law which prescribes the remedies of an unpaid seller. Among the rights of the seller is the right to a lien on the goods or the right to retain them for the price "while he is in possession of them." This element of possession is emphasized in section 135 of the Personal Property Law. Neither to the buyer nor to the seller is there granted a lien not connected with possession. The right of a buyer to assert a lien is definitely related to his possession of the goods.

Objectant recognizes that possession is essential to its legal position and asserts that it had possession in fact by reason of the text of a letter which acknowledged receipt of the part payment of the note and which said: " In consideration of the said advanced payment (the sum of $5,000) I am to give and do herewith give to you irrevocable and exclusive general order for free access to said painting to you or your order to inspect said painting at any time, and I am not to have any access thereto." No other claim of possession is made by objectant and if this letter does not vest possession in objectant its argument for a vendee's lien must fail.

It is undisputed that the situs of the painting did not shift at or about the date of the letter quoted. No claim is made that the record of the storage of the painting was changed following this letter. No claim is made that pursuant to the letter or in any other way the painting was actually taken into the custody of objectant. Nor is it claimed that any storage receipt was ever issued to objectant. The text relied upon does not vest possession in objectant. It is a permit only. It does not affect title or possession. The exclusive and irrevocable right of access sought to be given by the permit does not alter its intrinsic character nor give it any wider scope than that of a right to inspect. Nowhere in the pleadings in the Supreme Court action is possession by the buyer asserted, though the right to rescind did not depend on that possession. A witness called by defendant there (objectant here) denied explicitly that the buyer ever had the painting and testified that it was at all times in the custody of the safe deposit company and had never been delivered to or taken out by the buyer.

In the Supreme Court action the parties stipulated that the action be tried as a non-jury case, that findings of fact and conclusions of law be waived and that the verdict be directed with the

same force and effect as though a jury were present. The trial judge in his opinion states explicitly that objectant here " never obtained possession of the picture " and upon that fact further stated that no notice of rescission was necessary. The letter does not bear the construction now sought to be given to it but if in any aspect such construction might have been admissible it cannot now be urged by objectant who tried the issue in the Supreme Court on a theory wholly inconsistent with the meaning which it now seeks to ascribe to the letter. Never having had possession of the painting, objectant never had a lien on it.

Having reached this determination it follows that objectant's claim of priority of right to the painting must fail and that the painting must be adjudged to be an asset of the estate subject to the usual course of administration.

Pending determination of the issue in the Supreme Court action and during the delays incident to the proceedings here, charges for storage on the painting accrued. In order to prevent a sale for such charges, objectant here paid a substantial sum to the storage company. Objectant may present any claims which it desires to make because of such payment and such claims will be considered in the settlement of the account. Other parties in interest have filed objections the consideration of which has been deferred because a ruling that the painting was subject to a vendee's lien would as a practical matter have left the estate without assets. A hearing has been fixed for the 2d day of July, 1935, at ten-thirty o'clock A. M. at which all open questions will be considered. Proceed accordingly.