Felix C. Benvenga, J.
Application for an order directing that arbitration be continued.
In June, 1955, after differences had arisen between the parties, petitioner brought a proceeding to dissolve their jointly-owned corporation. Respondent opposed the application, declaring that if petitioner ‘ ‘ has any dispute I am perfectly willing to arbitrate it.” The motion was denied (Matter of Duchovny, N. Y. L. J., Oct. 7, 1955, p. 7, col. 4).
Petitioner then served a demand for arbitration. This application was opposed by respondent on the ground that, by instituting the proceeding to dissolve the corporation, petitioner had waived his right to arbitration. It was held that respondent was “ estopped ” from objecting to arbitration (Matter of World View Tours, N. Y. L. J., Aug. 2, 1955, p. 2, col. 8).
*767 Thereafter, at the outset of the arbitration hearing, respondent took the position that the dispute was not arbitrable, and the hearing was adjourned to permit an application to be made to this court to determine whether the arbitrators have jurisdiction to determine the manner in which, and the terms upon which, the shares of stock of the parties in their jointly-owned corporation should be disposed of and their association in business terminated. However, in an effort to settle the matter amicably, the arbitrators, as mediators, proposed various ways in which the parties might dispose of their controversy. The parties came to an agreement, which respondent has repudiated.
It is quite evident that respondent has taken inconsistent positions, and has acted in entire bad faith. She opposed the application to dissolve the corporation, declaring that she was ‘ ‘ perfectly willing ’ ’ to arbitrate the dispute. Then, upon service of a demand for arbitration, she opposed arbitration on the ground that the petitioner had waived his right to arbitration. And now she takes the position that the matter in dispute is not arbitrable.
I believe that, by her conduct throughout, respondent is estopped from raising the question of whether the dispute is arbitrable. Clearly, if the dispute does not come within the strict letter of the arbitration agreement, it comes within the spirit. She took the position from the outset that the dispute ivas arbitrable, and she should be held to that position and estopped from asserting other Avise.
The motion is accordingly granted. This disposition is without prejudice to a renewal of the proceeding to dissolve the corporation, in accordance with section 103 of the General Corporation Law, if petitioner so elects.
Settle order.