OPINION OF THE COURT
Loren N. Brown, J.
The plaintiff moves for an order dismissing defendant General Electric’s (G.E.) counterclaim. The motion is opposed.
This action has its antecedents in the plaintiff’s employment *476 at Knolls Atomic Power Laboratory (KAPL) in Niskayuna, New York. KAPL is owned by the United States Government and administered by the Department of Energy (DOE). G.E. operates KAPL as a contractor for DOE. The plaintiff worked for G.E. as a health physicist-radiological engineer, and, as part of his employment, measured employee exposure to radiation at KAPL. Upon an apparent finding of radiation overexposure affecting numerous employees, the plaintiff informed first G.E. and then DOE. The result was first a suspension, and then termination from his employment. Following his termination, the plaintiff brought this action, alleging, in part, that he was terminated from his position in violation of section 740 of this State’s Labor Law (the whistleblowers’ statute). Following G.E.’s motion to dismiss the two causes of action based upon the Labor Law, the court found that State law was preempted by Federal regulations concerning safety in the nuclear industry. The plaintiff now moves to dismiss G.E.’s counterclaim, which alleges a breach of fiduciary duty owed to it by Mr. Bordell.
Initially, the court finds that G.E.’s counterclaim states facts sufficient to avoid dismissal for failure to state a cause of action. An employee is required to act in a manner consistent with his agency and with utmost good faith and loyalty in the performance of his or her duties. (Burnett Process v Richlar Indus., 55 AD2d 812.) Though its pleading could be more precise, G.E. alleges that Bordell recorded false data, made false accusations regarding that data, disclosed confidential information to his attorney and other persons, and, thus, damaged G.E. Certainly such behavior would be a violation of an employee’s duty to its employer as stated supra, and would give rise to a cause of action.
Nevertheless, and despite the sufficiency of the pleading, for reasons stated infra, G.E. may not maintain this cause of action in this court.
In its prior motion addressed to the plaintiff’s State Labor Law claims, G.E. contended in its memorandum of law that suit based upon the Labor Law would improperly permit this State court to "inquire into the most confidential and sensitive operation of a federally-owned nuclear facility”. This argument was coupled with the claim, found to have merit, that Federal agencies had exclusive control of nuclear facility safety operations. G.E. is now attempting to reverse its position, in the same action, to allege that this court is an appropriate forum for deciding the complex issues presented; *477 it may not do so. (Matter of Wolsky, 11 Misc 2d 766; Matter of Tuduri, 156 Misc 317.)
And, despite G.E.’s claims to the contrary, the issues presented by its counterclaim involve the management of the nuclear facility. This case is not solely a matter of the common-law tort of a breach of a fiduciary duty owed an employer by an employee. The plaintiff alleges in his verified complaint, and his memoranda of law submitted in opposition to this motion and the last that he was entitled to "blow the whistle” upon G.E.’s practices. G.E. contends, by reference to reports of a technical nature composed by experts in the nuclear field, that KAPL employees were never in danger. Therefore, the plaintiff, in allegedly crying wolf, damaged G.E. Clearly, if G.E.’s experts are correct, the plaintiff is an alarmist. If the plaintiff’s allegations are correct, the plaintiff had a higher moral duty to report the overexposure.* If the plaintiff’s measurements were accurate, his duty to those employees exposed and at risk from radiation exceeded his duty to his employer to see that news of the overexposure did not reach other ears. Only the weighing of testimony concerning matters of radiation exposure and its measurements would permit a determination on the merits.
It is apparent that both the plaintiff’s original dismissal claims and G.E.’s counterclaim would entail permitting this court to "inquire into the most confidential and sensitive operations of a federally-owned nuclear facility”. Having objected to such an inquiry, G.E. may not now initiate such an inquiry by its counterclaim.
The motion to dismiss is granted.

 A statutory recognition of that greater duty, and protection for those who respond to its call by "blowing the whistle” may be found in 5 USC § 2302, and, in different contexts, section 740 of the State Labor Law.