MOE LEVY and Another, Copartners, Doing Business under the Firm Name and Style of CHAMPION COAT, APRON AND TOWEL SUPPLY COMPANY, Respondents, *v.* PETER J. COSMOS, Appellant, Impleaded with JOHN PEASE, Defendant.

First Department, November 4, 1927.

Master and servant — trade secrets — action to restrain appellant from soliciting customers of plaintiffs — plaintiffs purchased business of corporation which held negative contract with employee not to solicit customers for three years after termination of employment — employee of plaintiffs' assignor who never served as employee of plaintiffs entered appellant's employ — business of parties was serving clean linen to barbers, butchers, etc.— appellant had no knowledge of employee's negative covenant — no evidence of conspiracy — appellant cannot be restrained.

The plaintiffs who were engaged in the business of supplying butchers, barbers and others with clean linen purchased the business of a corporation engaged in a similar business. The corporation held a contract with one of its employees which prohibited him from soliciting the trade for a period of three years after the termination of his employment and this contract was assigned to the plaintiffs. The appellant started a business similar to that of the plaintiffs a short time before the plaintiffs purchased the corporate business and he employed said employee to work for him. The employee left the employ of the corporation and never worked for the plaintiffs.

The injunction granted by the court below, restraining the appellant from soliciting customers of the plaintiffs, was without sufficient evidence to sustain it, since it does not appear that the appellant had any knowledge of the negative covenant between said employee and the assignor of the plaintiffs, and since there is no evidence of any conspiracy between the appellant and said employee, and for the further and controlling reason that there were no trade secrets or secret processes in the business in which the parties were engaged, and there was no list of customers which was not available to the appellant without the assistance

or information of the employee. It appears that the establishments served carried on their businesses openly, and that their names and addresses were readily ascertainable from the public directory or from mere inspection of their places of business.

APPEAL by the defendant, Peter J. Cosmos, from an interlocutory judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 9th day of November, 1926, upon the decision of the court rendered after a trial at the New York Special Term.

The judgment enjoined both defendants from in any manner, directly or indirectly, serving or soliciting the coat, apron and towel patronage of thirty-three persons, firms and corporations named in the interlocutory judgment. The defendant John Pease appealed, but his 'appeal was withdrawn by consent.

*Arnold Furst* of counsel [*Albert A. Arnold,* attorney], for the appellant Peter Cosmos.

*Alfred B. Nathan* of counsel [*Benjamin Lifshitz* with him on the brief], for the respondents.

MERRELL, J. The plaintiffs are copartners doing business under the name and style of Champion Coat, Apron and Towel Supply Company in New York city and vicinity. The business of the plaintiffs consists of supplying clean coats, aprons, towels and linen to various customers located in the city of New York and vicinity, including Long Island. The merchandise in question is owned by plaintiffs and delivered and let to their customers after being freshly laundered. The defendant, appellant, since on or about the 1st of December, 1925, has been and still is engaged in a similar business under the name and style of Cosmos Coat, Apron and Towel Supply Company. Prior to December 1, 1925, a corporation known as Brew Coat and Apron Supply Company, Inc., was also engaged in the city of New York and vicinity in a similar business and had a considerable number of customers on Long Island, N. Y. The Brew corporation had in its employ one John Pease, named as a defendant in this action. The contract with Pease was in writing and contained a negative covenant that the employee would not, for the period of three years after the end or termination of his employment, irrespective of the time, manner or cause of the said termination, directly or indirectly, either as principal, agent, employee, employer, stockholder, copartner, or in· any other individual or representative capacity whatever, solicit, serve or cater to or engage, assist, be interested in or connected with any other person, firm or corporation soliciting, serving or catering to any of the customers served by him or by

any other employee of the Brew company during his employment with said company. On or about December 1, 1925, the plaintiffs purchased the good will of the supply business theretofore conducted by said Brew company on Long Island, the customers of which had theretofore been served by the defendant Pease as the employee and driver of the Brew company. At the time of the purchase of said business by plaintiffs the Brew company duly assigned, set over and transferred to the plaintiffs the aforesaid contract of employment between it and the defendant Pease and all rights of the said Brew company under said contract of employment of the said defendant. Pease left the employment of the Brew company on November 30, 1925, and never served in the employ of the plaintiffs. The defendant Peter J. Cosmos was the proprietor of the Cosmos Ice Cream Parlor at Lyndenhurst, L. I., and was a patron of the Brew company prior to December 1, 1925. The defendant Cosmos, in September, 1925, determined himself to enter the coat, apron and towel supply business and purchased the necessary materials for embarking in such enterprise, and entered into an arrangement with the defendant Pease whereby he employed the latter as a driver to solicit business for him upon a salary and commission compensation basis. It is alleged in the complaint that such employment of the defendant Pease by the defendant, appellant, Cosmos was in furtherance of a conspiracy entered into between the said defendants to obtain for the defendant Cosmos the trade and patronage of all of the customers that had theretofore been served by the defendant Pease while in the employ of the Brew company, and that the said defendants duly agreed together that the defendant Pease should thereupon solicit the patronage of said customers whose trade and patronage had been duly transferred to the plaintiffs herein, and that as a result of such conspiracy and soliciting by the defendant Pease for and in behalf of and in the name of the defendant, appellant, Cosmos, the plaintiffs have lost the trade and patronage of many of their customers. It is alleged that the defendants, although requested to cease the soliciting of plaintiffs' said customers, have failed and refused to comply with such request and threaten to continue to solicit the said trade of the former customers of the Brew company who had been served by the said defendant Pease, and that large profits from the patronage of said customers have been made by the defendants. The defendants deny that any conspiracy has ever existed between the said defendants to obtain the former customers of the Brew company or that there has been any improper solicitation of any patronage to which the plaintiffs are entitled.

The learned trial court found upon the evidence presented at

the trial the existence of the alleged conspiracy between the defendant Pease and the defendant Cosmos to obtain for the latter the trade and patronage of all of the customers who had theretofore been served by the defendant Pease while in the employ of the Brew company, and found that the defendants agreed together that the defendant Pease should solicit the patronage of said customers whose trade and patronage had been duly transferred to the plaintiffs herein, and that as a result of the said soliciting by the said defendant Pease for and in behalf and in the name of the defendant Cosmos the plaintiffs have lost the trade and patronage of many of the said customers. A list of some thirty-three customers is set forth in the decision of the learned trial court as having been solicited directly or indirectly by the defendant Pease and whose patronage was obtained for the defendant Cosmos as the result thereof. By the interlocutory judgment herein the defendants and each of them are enjoined and restrained for the period of three years from December 1, 1925, from in any manner, directly or indirectly, serving or soliciting the coat, apron and towel patronage of the said thirty-three persons, firms and corporations named in the decision herein as having been improperly solicited by the defendant Pease for and on behalf of the defendant, appellant, Cosmos, pursuant to such collusive agreement between the said defendants, one of the forbidden establishments being the ice cream parlor of this very appellant. The defendants are required to account to the plaintiffs for the profits that the plaintiffs have lost upon the business of plaintiffs' said customers that were obtained by the solicitation of the defendant Pease for the defendant Cosmos.

We are of the opinion that the learned trial court granted the injunction aforesaid upon insufficient evidence, and that as to the appellant herein the record is barren of evidence sufficient to justify the granting to the plaintiffs such injunctive relief. The record is barren of any evidence of sufficient probative force to show that at the time the  defendant Cosmos entered into his agreement with the defendant Pease he had any knowledge of the negative covenant of Pease in his contract with the Brew company. There is no evidence whatever in the record tending to show that any conspiracy was entered into between Cosmos and Pease. Cosmos had been a patron of the Brew company and had been brought into contact with the company's driver, Pease, when supplied in his confectionery establishment with aprons, coats and towels. He was friendly with Pease and consulted him to some extent concerning the new business in which he sought to embark, and later, when he started in business, employed Pease as an assistant.

Cosmos was well acquainted with many of the customers formerly served by the Brew company and was on intimate terms with several who were Greeks and fellow-countrymen of the said defendant. The business of supplying aprons, coats and towels had no trade secrets or secret processes of manufacture. The customers served were barbers, grocery stores, butchers, and, in fact, every sort of business whose employees wore white coats or aprons. The establishments served carried on their businesses openly, notoriously and publicly, and the names and addresses of such customers were readily ascertainable from the public directory or from a mere inspection by passersby. Pease possessed no trade secrets or other exclusive information as to the names of the patrons whom he served for his employer. The situation is quite like that which arose in *Scott & Co.* v. *Scott* (186 App. Div. 518) where this court, through Mr. Justice PAGE writing, said (at p. 524): " Even where the names of customers that the employee traded with were on a list or route book which was furnished him by the employer, it has been held that the discharged employee could solicit the trade of such customers *where they conducted business places and publicly displayed the character of their business, and dealt more or less constantly with the employer's competitors.* (*Boosing* v. *Dorman,* 148 App. Div. 824, 825; affd., 210 N. Y. 529.) " (Italics are the writer's.)

In *Boosing* v. *Dorman* (148 App. Div. 824, 825) it was said: " There is no substantial dispute as to the proposition that the entire one hundred and seven persons or firms were listed in the city directory as retail dealers in butter, eggs, etc.; that they conducted business places and publicly displayed the character of business in which they were engaged;   *   *   *."

In the *Boosing* case the court refused to hold that a salesman calling upon well-known dealers and soliciting orders and delivering goods for his master should be denied the right to deal with the same customers for his own benefit. Had Pease obtained any trade secrets or intimate knowledge of the patrons of the Brew company through having served them with merchandise there would be some ground for enjoining his divulging such knowledge after leaving his employer, but nothing of the sort appears in the case at bar. Cosmos acquired no information from Pease as to the nature of the business carried on by the persons, firms and corporations mentioned in the interlocutory judgment. Pease could furnish him no more information than was readily obtainable by his personal efforts and by visiting establishments which were openly and publicly using the articles in which the appellant dealt. Under such circumstances we think the injunction herein restraining the defendant Cosmos from serving or soliciting business from the

persons, firms and corporations named in the interlocutory judgment was improperly granted, and that the said interlocutory judgment, as to the defendant, appellant, Cosmos, should be in all things reversed, with costs, and the plaintiffs' complaint dismissed, with costs. All findings contained in the decision herein inconsistent with our views as above expressed should be disapproved.

DOWLING, P. J., and MARTIN, J., concur; O'MALLEY and PROSKAUER, JJ., concur in result.

Judgment as to the defendant Cosmos reversed, with costs, and complaint dismissed, with costs. Settle order on notice.