Respondent disbarred.

LEONARD F. KLEINFELD, Appellant, v. ROBURN AGENCIES, INC., Respondent.

First Department, March 8, 1946.

*Herbert G. Feinson* of counsel (*Joseph Lew,* attorney), for appellant.

*Jules Roth* of counsel (*Manes & Sturim,* attorneys), for respondent.

CALLAHAN, J.   Plaintiff appeals from an order denying his motion to dismiss the counterclaims and to strike out other parts of defendant's answer.

Plaintiff's complaint alleges that he was employed as manager of a department of defendant's business; that he was to receive a salary and a percentage of the net profits of the department.   His pleading admits that he was paid his salary, but states that he received no profits.

The answer consists of denials, a separate defense, and four counterclaims.

The first counterclaim alleges that plaintiff breached the obligation he owed as an employee, of good faith and loyalty,

and the requirement under his contract to give his employer the full benefit of his services. It sets forth numerous instances of alleged violations of these contractual obligations, including the claim that during the period of employment plaintiff obtained names of defendant's customers and solicited trade from them in competition with his master for a company in which plaintiff had a financial interest. The first counterclaim then states that by reason of such misconduct plaintiff forfeited his right to retain the weekly wages which he had received during his employment, and demands the return thereof in the sum of $10,065.

In the absence of a special agreement, an employer may not recover back wages or equivalent drawings paid during a period of completed employment. (*Pease Piano Co.* v. *Taylor*, 197 App. Div. 468; *American Stay Co.* v. *Delaney,* 211 Mass. 229; 2 Labatt on Master & Servant [2d ed.], § 478, p. 1411 *et seq.*) No such special agreement is contended for here. The first counterclaim is, therefore, insufficient.

The plaintiff upon this appeal does not press his attack on the second counterclaim.

The third counterclaim seeks injunctive relief against the use by plaintiff, after the termination of the employment, of information obtained by him in the course of his employment.

There is no claim that plaintiff entered into any negative covenant against engaging in business competitively with defendant after completion of his employment.

The covenant implied in a contract of employment is that an employee will not use confidential information obtained by him during the course of the employment in competition with his employer. There is no betrayal of confidence when no secret is imparted. (*Kaumagraph Co.* v. *Stampagraph Co.,* 235 N. Y. 1.)

A distinction is made in the cases between a former employee soliciting customers of his former employer who are openly engaged in business in advertised locations and his soliciting unadvertised customers who became known to the employee only because of information obtained during his employment. (*People's Coat, Apron & Towel Supply Co.* v. *Light,* 171 App. Div. 671, affd. 224 N. Y. 727; *Scott & Co., Inc.,* v. *Scott,* 186 App. Div. 518.)

Insofar as it appears from this counterclaim, plaintiff may have merely solicited business from customers who were openly engaged in business and dealing with defendant's competitors as well as with defendant. There is no claim of the use of any

secret trade lists or that other confidential trade information was availed of.

The third counterclaim, therefore, fails to show any conduct which exceeded the bounds of permissible competition, and presents no basis for injunctive relief as presently pleaded. (*Boosing* v. *Dorman*, 148 App. Div. 824, affd. 210 N. Y. 529; *Scott & Co., Inc.*, v. *Scott, supra; Levy* v. *Cosmos*, 221 App. Div. 533, affd. 248 N. Y. 622.)

The fourth counterclaim seeks injunctive relief based on alleged unfair competition. It sets forth no facts to support the claim of unfair competition, but consists merely of a conclusory allegation thereof. It is clearly insufficient.

The third and fourth counterclaims should be stricken out, with leave to defendant to plead them anew.

The use of the conjunctive disjunctive form of expression " and/or " renders the allegations of a pleading equivocal and makes it difficult to understand the meaning intended. (*Lee* v. *Gibbons & Co., Inc.*, 258 App. Div. 717; *Becker* v. *Burkes*, 262 App. Div. 893.) The motion to strike same should have been granted.

The other matters sought to be stricken do not seem to be so offensive to the rules of pleading as to warrant the relief sought.

The order should be modified by striking out the first, third and fourth counterclaims and paragraph " 8 " alleged as a defense in the answer, and otherwise affirmed, with $20 costs and disbursements to appellant, with leave to defendant-respondent to plead over the third and fourth counterclaims and the defense on payment of said costs.

MARTIN, P. J., TOWNLEY, GLENNON and PECK, JJ., concur.

Order unanimously modified by striking out the first, third and fourth counterclaims and paragraph " 8 " alleged as a defense in the answer, and otherwise affirmed, with $20 costs and disbursements to appellant, with leave to defendant-respondent to plead over the third and fourth counterclaims and the defense on payment of said costs. Settle order on notice.