Per Curiam.

The first three causes of action alleged in the complaint are derivative in nature. They are brought by the plaintiff in a representative capacity as stockholder against the defendant Belloise as officer, director and stockholder of the defendant corporation. These causes of action are unnecessarily, though perhaps not improperly, separately stated. It is not required that each transaction or act allegedly constituting a breach of fiduciary duty be pleaded as a distinct cause of action. The statement of these causes of action is replete with legal conclusions instead of factual averments in respect to alleged breaches of duty and the legal effect of certain agreements. We also find that many allegations in paragraphs 5 to 9, inclusive, as well as paragraphs 12 and 13 of the complaint purport to set forth a breach or violation of a stockholder’s agreement between the individual parties to the action. These allegations appear to have no relation to the rights of the corporation and no place in a derivative suit. The plaintiff has likewise been guilty of equivocal pleading at times in the improper use of the “ and/or ” form of expression (see Kleinfeld v. Roburn Agencies, 270 App. Div. 509, 512).
The fourth cause of action is alleged on behalf of the plaintiff individually. It incorporates by reference many allegations of the complaint that have no relation to any personal right of the plaintiff. It also alleges wrongful interference by the defendant Belloise with the plaintiff’s right to appraisal of his stock. If it is intended to plead a cause of action for breach of the stockholder’s agreement, the complaint should set forth only such allegations as are material to such cause of action. If, however, it is the plaintiff’s purpose to assert a cause of action for unlawful interference with his statutory right to stock appraisement, the pleading should only contain such allegations of fact as are appropriate to establish the alleged wrongdoing or misconduct of the defendant.
The order appealed from should be reversed, with $20 costs and disbursements, and the defendants’ motion granted, with leave to the plaintiff to serve an amended complaint setting forth a plain and concise statement of the material facts constituting the derivative and individual causes of action intended to be pleaded.
Glennon, J. P., Dore, Cohn, Callahan and Shientag, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellants, and the motion granted, with leave to the plaintiff to serve an amended complaint setting forth a plain and concise statement of the material facts constituting the derivative and individual causes of action to be pleaded, within ten days after service of the order, with notice of entry thereof, on payment of said costs.