Arthur D. Brennan, J.
In this action for an injunction and for damages based upon restrictive covenants contained in a contract of employment, the plaintiff moves for a temporary injunction and the defendant, by cross motion, moves to dismiss the complaint for legal insufficiency.
It appears that in 1953 the defendant became employed as an exterminator by the Harder Extermination Service, Inc., which then conducted an exterminating service business in the Counties of Westchester, Queens, Nassau and Suffolk in this State, and in Fairfield County, Connecticut. When the defendant entered upon said employment, he signed an employment *662 agreement containing, among other things, three covenants wherein he agreed that during his employment and for five years thereafter: (1) he would not work as an employee of, or render any service to, any other person or party engaged in the business of manufacturing exterminating products or rendering exterminating services within the five afore-mentioned counties ; (2) he would not engage in such business on his own account or as a member or employee of any firm engaged therein; and (3) he would not communicate, divulge to, or use for the benefit of, any other person or party any of the trade secrets or secret processes of manufacture or methods of extermination used or employed by his then employer. It also appears that in the latter part of October of 1957, the aforesaid Harder Extermination Service, Inc., sold and conveyed to the plaintiff herein that portion of its business which was located in Westchester County and certain adjacent territory and under said sale and conveyance, the vendor assigned to the plaintiff herein all of its rights in and to the aforesaid employment agreement which had been entered into between the vendor and the defendant herein; and that upon the making of said sale, the defendant terminated his employment and went into the exterminating business for his own account. It is alleged that since entering into his own business, the defendant has solicited and served and intends to continue to solict and serve many of those customers formerly served by him while in the employ of the plaintiff’s vendor and which customer-accounts were included in the aforesaid sale.
It is important to note that in his answering affidavit (submitted in opposition to the motion for a temporary injunction) the defendant states that out of the 300 accounts which he formerly serviced for Harder, only 55 are now customers of the defendant and that “ at least half of those 55 accounts sought out your deponent and requested him to do their exterminating service ’ ’. From this latter statement, the implication seems clear that the remaining half of said 55 customers were solicited by the defendant.
In considering first the motion to dismiss for legal insufficiency, the rule is well established that on such a motion the challenged complaint is deemed to allege whatever can be implied from its statements by fair and reasonable intendment. (Con-don v. Associated Hosp. Service, 287 N. Y. 411, 414.) Applying this principle, it would appear that by the allegations of paragraph ‘ ‘ sevexteexth ’ ’ the plaintiff intended to allege that the defendant’s acts of soliciting and servicing the aforementioned customers were committed by the defendant in and *663 during the period Avhich followed the termination of his said employment and on and after his entry upon the exterminating business which he conducts for his own account.
In his attack upon the sufficiency of the subject complaint, as above intended, the defendant contends: (1) That the said contract of employment containing the aforesaid restrictive covenants was not assignable to this plaintiff Avithout the express or implied consent of the defendant; (2) that the said negative covenants are not founded on an adequate consideration and by reason thereof are unenforcible; and (3) that the subject covenants are also unenforcible by reason of the well-settled rule that contracts (by employees) which unreasonably limit their rights to pursue their trade or occupation in the future are deemed to violate public policy because the employees’ means for procuring a livelihood for themselves and their families are diminished, and on the further ground that said employees should not be deprived of the power of usefulness and the public should not be deprived of the benefit of the exercise by said employees of their knoAvledge and skill.
In this court’s view, the aforesaid contentions may not be sustained. This court is of the opinion that to the extent that the subject contract contained the aforesaid negative covenants which constituted a valuable right and asset of the original employer, the same was assignable to the plaintiff. (Premier Laundry v. Klein, 73 N. Y. S. 2d 60, revd. on other grounds in 273 App. Div. 946 Avhere the Appellate Division held that if improper solicitation should be established on the trial, the plantiff assignee would be entitled to adequate relief; and see, also, Levy v. Cosmos, 221 App. Div. 533 and Norman Ellis Corp. v. Lippus, 13 Misc 2d 432.) So, too, with reference to the claim that the subject covenants are not founded on an adequate consideration, it has been stated that a promise to employ Avill support a promise to Avork and to refrain from engaging in a competing business. (1 Williston on Contracts [ReAr. ed.], p. 486). With respect to the third abo\Te contention, it should be observed that the very cases wherein the said proposition was established or has been followed as a general rule of law, do each declare that there are at least two exceptions thereto. One such exception exists where the employee has been guilty of misconduct in soliciting the old customers of the employer and the other exists where the employee uses or discloses the trade secrets of the employer, such as secret processes of manufacture, which are of vast value to the employer and were obtained from the latter by the employee. In the case of either of these exceptions equity will intervene and will enforce the *664 covenant so as to furnish adequate protection. (Clark Paper & Mfg. Co. v. Stenacher, 236 N. Y. 312; Murray v. Cooper, 268 App. Div. 411; cf. Lynch v. Bailey, 275 App. Div. 527, affd. 300 N. Y. 615.) Accordingly, the motion to dismiss the complaint for legal insufficiency, is denied.
Turning now to the motion for a temporary injunction, this court is of the opinion that the papers herein (including the above implied admission by the defendant himself) clearly demonstrate that the defendant has solicited and may reasonably be expected to continue to solicit customers formerly serviced by the plaintiff’s vendor. The said motion is therefore granted to the extent that at this time, the defendant will be restrained from: (1) servicing or dealing with any accounts or customers located in Westchester County or Fairfield County formerly serviced by the plaintiff’s vendor and which have been solicited by the defendant since going into business for himself; and (2) hereafter soliciting any other accounts or customers located in Westchester County or Fairfield County which were formerly serviced by the plaintiff’s vendor. In all other respects the motion for a temporary injunction is denied, for in this court’s view, the right to any additional or further relief sought should await determination at a trial of the action.
Settle orders on notice. The amount of the bond will be fixed in the order to be entered on the motion for a temporary injunction; each counsel will please submit his suggestion as to the amount of such bond.