■ NUTRITION FOUNDATION, INC., et al., Appellants, v LOUISE GITZEN, Respondent.—Order, Supreme Court, New York County, entered May 18, 1977, granting defendant's motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7) with leave to replead with respect to the second cause of action, unanimously modified, on the law, without costs and without disbursements, to deny the motion to dismiss the fourth cause of action and otherwise affirmed. In the main, the action seeks permanent injunctive relief and damages allegedly sustained because of a letter sent by defendant to the trustees of plaintiff foundation after her discharge as its bookkeeper. Special Term granted leave to replead the second cause of action sounding in defamation upon appropriate allegation of special damages, since the letter is clearly not libelous per se. Although we agree with Special Term's dismissal of the first three causes of action for the reasons stated by Greenfield, J., we disagree with respect to the fourth cause of action brought to recover $5,000 in expenses allegedly incurred by the foundation because of defendant's alleged negligent and incompetent handling of the foundation's books and records and to reconstruct and correct them to eliminate errors and to conform them to proper bookkeeping and accounting practices. As ruled by Special Term, the law is clear that an employer may not recover wages paid to or other compensation received by an employee during a period of completed employment upon allegations of negligence by the employee in the performance of his duties, in the absence of an agreement to that effect *(Kleinfeld v Roburn Agencies,* 270 App Div 509). Here, however, although stated in very general terms, the allegations

---

of the fourth cause of action are sufficient to assert a claim for relief premised upon the negligence of defendant as an alleged independent consultant or independent contractor, retained by the foundation to manage its books and records. Such a construction is here required since, under familiar rules, we must accord the complaint a liberal construction (CPLR 3026), and if it states a cause of action in some recognizable form, it must be sustained. It may well be that the complaint cannot withstand a proper motion for summary judgment. As to that we express no opinion ruling only that the fourth cause of action is sufficient as a pleading. Concur—Lupiano, J. P., Birns, Silverman, Fein and Sullivan, JJ.