Prepared by State Reporter from Appeal Papers

BESSIE A. ARMONDI, Appellant, *v.* WARREN L. DUNHAM
et al., Respondents.

*Partition — real property — title — tenancy by entirety — conveyance to
husband and wife, not describing them as such nor stating nature of
estate conveyed, creates tenancy by the entirety — grant by survivor
conveys good title to entire property.*

Armondi v. Dunham, 221 App. Div. 679, affirmed.

(Argued May 31, 1928; decided June 19, 1928.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 29, 1927, unanimously affirming a judgment in favor of defendants entered upon a decision of the court on trial at Special Term. The action was in partition. The question was whether a conveyance to husband and wife by a deed which failed to mention the relationship and said nothing as to the nature of the estate conveyed, created a tenancy by the entirety or a tenancy in common. The courts below held that a tenancy by the entirety was created and that a deed from the survivor conveyed good title to the entire property.

*H. C. Stratton* for appellant.

*Charles C. Flaesch* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

WARD BAKING COMPANY, Respondent, *v.* ROBERT W.
TOLLEY et al., Appellants.

*Master and servant — contract — injunction restraining employee from
violating terms of contract of employment by entering service of another
or divulging trade secrets.*

Ward Baking Co. v. Tolley, 222 App. Div. 653, affirmed.

(Argued May 31, 1928; decided June 19, 1928.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department,

entered November 28, 1927, affirming a judgment in favor of plaintiff entered upon the report of a referee. The action was to restrain the defendant Robert W. Tolley from violating his contract of employment with the plaintiff and to restrain the defendant Tolley Cake Corporation from co-operating therein. The judgment restrained the defendant Tolley for a period of ten years after leaving plaintiff's employ from entering into or continuing in the employ of defendant corporation, or any one else engaged in the same business within certain territorial limits and from revealing the secret processes of the plaintiff, and defendant corporation was restrained from receiving or using information of such secret processes.

*Daniel Day Walton* and *Lemuel Bannister* for appellants.
*William H. Button* and *Albert R. Jube* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

ELLEN KIRWAN, Respondent, *v.* ROSALIE FOOS, as Executrix of FERGUSON W. FOOS, Deceased, Appellant.

*Negligence — master and servant — domestic servant injured while being driven in master's automobile by his chauffeur at direction of her mistress.*

*Kirwan* v. *Foos*, 221 App. Div. 858, affirmed.

(Submitted June 1, 1928; decided June 19, 1928.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 2, 1927, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant's testator, who was the original defendant but died after entry of judgment on the verdict. Plaintiff was employed as a laundress in testator's household. Requiring medical