FRANK CORPIN, Respondent, *v.* IVA M. WHEATLEY, Appellant.

Fourth Department, November 20, 1929.

*Morace Freedman*, for the appellant.

*Salvador J. Capecelatro*, for the respondent.

TAYLOR, J. Plaintiff's business was running a " beauty parlor." Plaintiff and defendant entered into a contract September 27, 1928, for one year in which defendant agreed to work for plaintiff as one

of his beauty improvers, and also agreed not to enter into the employ or service of any other person engaged in the same business as plaintiff during the term of the contract and for one year after its conclusion. This contract was one which plaintiff was accustomed to make with all of his employees doing similar work. Defendant left plaintiff's employ February 16, 1929. Plaintiff has obtained a judgment restraining defendant until September 27, 1930, from entering into or continuing in similar employment with any partnership, corporation or person other than the plaintiff. Defendant has appealed.

Many cases similar in general to the instant case have engaged the attention of the courts. Some of them are discussed, for example, in 9 American Law Reports, 1465, note. The courts have declined for many reasons to enforce by injunction contracts under which employees have agreed not to enter into similar employment with another during the contract term, nor to enter or continue in the same employment with any other employer for a period of time after the contract term should expire. Among these reasons are the following: (1) Where the services were neither unique nor extraordinary; (2) where there were no trade or business secrets which might be divulged to the employer's harm, or where the employee had not divulged any such secrets; (3) where the employee had not given a list of the employer's customers to a rival, or had not threatened to do so; (4) where the employer could readily engage an equally capable substitute employee; (5) where the contract was plainly harsh and oppressive and the restriction was more extensive than protection to the business of the employer reasonably required.

Perhaps the question of public policy is of little importance in this case. But there is a restriction of individual and common rights which oppresses one party without materially benefiting the other. There is no finding or proof that defendant has divulged or threatened to divulge the names of any of this plaintiff's customers or any trade or business secrets. There is no finding that defendant's services were unique or extraordinary. There is nothing to show that defendant's skill and proficiency as an operative were above the average of others doing like work. It does not appear but that this employer could easily obtain an equally capable substitute. Each case of this character must stand upon its own particular facts. Considering the nature of defendant's services, the specified absence of findings and the general state of the proof, we are led to the conclusion that the prohibiting provisions of this contract are unenforcible. (*Kessler & Co.* v. *Chappelle*, 73 App. Div. 447; *Dockstader* v. *Reed*, 121 id. 846; *Hammer-*

*stein* v. *Mann,* 137 id. 580; *Clark Paper & Mfg. Co.* v. *Stenacher,* 236 N. Y. 312.)

The judgment should be reversed on the law, with costs, and the complaint dismissed on the merits, with costs.

Certain findings of fact and conclusions of law are reversed and new findings of fact and a new conclusion of law are made.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Judgment reversed on the law and facts, with costs, and complaint dismissed, with costs. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made.