INTERSTATE TEA Co., INC., Appellant, *v.* AL A. ALT, Respondent.

(Argued March 10, 1936; decided April 21, 1936.)

*Irving I. Hartman* for appellant.

*Joseph F. Finkelstein* and *Abraham Fishbein* for respondent.

LOUGHRAN, J. This is an action for specific performance of an employee's promise not to compete with his employer after termination of their relationship.

Plaintiff is a domestic corporation that supplies a variety of commodities to the homes of consumers. It had two sets of employees: one for soliciting trade; the other to make deliveries and receive payments. On June 6, 1932, the defendant joined the latter group under a written contract made by him as party of the second part with the plaintiff as party of the first part.

So much of that agreement as is here important is in these words:

" The party of the second part hereby expressly covenants and agrees that he will not, during the term of this agreement or at any time thereafter, directly or indirectly, for himself, or as employer, employee, stockholder or officer of a corporation or otherwise, sell, or solicit business from any person or persons or corporation or business to whom he sold and/or delivered or shall sell and/or deliver merchandise of any kind whatsoever on behalf of the party of the first part; nor will he any time, in any way, manner or form whatsoever disclose or furnish to any one, other than the officers of the party of the first part, the names or addresses of any of the customers of the party of the first part, nor disclose nor divulge any information whatsoever of any kind pertaining to the business of the party of the first part, nor solicit nor canvass the customers of the party of the first part for orders for tea, coffee and/or any of the other articles of merchandise carried and sold by the party of the first part, nor will he accept orders for any of such articles from or deliver merchandise to the customers of the party of the first part, for himself or for any person, firm or corporation other than the party of the first part.

" It is also understood and agreed that all persons, firms and corporations, and each and every one of them, to whom the party of the first part sells or shall sell any

of its merchandise, are and shall be the customers of the party of the first part, as well after the termination of, as at all times during the employment of the party of the second part, notwithstanding that some or all of said persons, firms or corporations, may have been induced to give their patronage to the party of the first part by the solicitation of the party of the second part, or of someone on his behalf, either during the usual hours of employment of the party of the second part or otherwise, and notwithstanding that all or some of such persons may have previously been customers of the party of the second part or others.

"The foregoing covenants and agreements shall be binding upon the party of the second part whether he shall leave the employ of the party of the first part voluntarily or by discharge by the party of the first part.

\*　　\*　　\*　　\*　　\*　　\*　　\*

"Either of the parties hereto shall have the privilege of termination of the within agreement upon giving written or actual notice upon either of the parties. Such notice must be given at least fifteen days before the desired date of termination."

On April 14, 1934, the contract was terminated by the plaintiff in the manner therein provided. In this action thereafter brought, an injunction was sought in accordance with the full scope of the foregoing covenants.

By judgment of the Special Term the defendant was restrained from "establishing any trade relationship \* \* \* in competition with the \* \* \* plaintiff \* \* \* [with] such persons, firm or corporation who were customers of the plaintiff on or about the 6th day of June, 1932 [the date of the contract], and who since that date have been and now are, and who, prior to the 14th day of April, 1934 [the date of defendant's discharge], have been customers of the plaintiff." On appeal by the defendant to the Appellate Division, the judgment was reversed on the law and the complaint dismissed.

As read by that court, the contract was designed to constrain the defendant not to solicit at any future time persons who should then be customers of the plaintiff (245 App. Div. 818).

We are inclined to accept the narrower construction adopted by the Special Term, that is to say, that the defendant agreed not to interfere with trade connections of the plaintiff that had existed during the contract term. The question, then, is whether an employee's stipulation so confined should be enforced without other limitation in respect of time or area of operation. We think the answer to be made here should be in the negative.

Defendant did not canvass patronage. His was work that one man of average address could do about as well as another. As delivery man, his wage was twenty dollars a week. As collector, he was paid commissions on moneys turned in. Plaintiff is described by the findings as doing " a large and extensive business in the sale of coffee, tea, cocoa, spices, general merchandise, household furnishings and other commodities." The sphere of its enterprise is not otherwise indicated. In that state of the record, the relief granted by the Special Term doubtless went beyond what was reasonably necessary to protect the business of the plaintiff from wrongful exploitation by the defendant.

How far the contract may be divisible in point of space we are unable to determine, for the evidence does not reveal the location or extent of the territory covered by the defendant while he was in the service of the plaintiff. (Cf. *Edgecomb* v. *Edmonston*, 257 Mass. 12.) It does not appear that the defendant has any means of injuring the plaintiff other than the favor he may have found with those to whom he made deliveries in the course of his employment. On the findings, the plaintiff cannot validly claim more than protection against unfair competition. (See *Kaumagraph Co.* v. *Stampagraph Co.*, 235 N. Y. 1; *People's Coat, Apron & Towel Supply Co.* v. *Light*, 171 App. Div. 671; 224 N. Y. 727.)

The judgment of the Appellate Division should be reversed, and that of the Special Term modified so as to restrain the defendant from establishing any trade relationship in competition with the plaintiff with customers of the plaintiff served by the defendant or whose names were learned by him during his employment by the plaintiff, and, as so modified, affirmed, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and FINCH, JJ., concur.

Judgment accordingly.