LANTIERI BEAUTY SALON, INC., Plaintiff, *v.* CAROL W. YALE, Defendant.

Supreme Court, Special Term, New York County, May 24, 1938.

*Proskauer, Rose & Paskus* [*David Katz* and *Albert A. Solodar* of counsel], for the plaintiff.

*Freedman & Freedman*, for the defendant.

SHIENTAG, J. In order to be valid, a promise imposing a restraint in occupation must be reasonable. (Restatement of the Law of Contracts, §§ 515, 516.) In considering what is reasonable regard must be given to the question whether the promise is wider than is necessary to the protection of the employer, the effect of the promise on the employee, and the effect upon the public. (5 Williston on Contracts [Rev. ed.], § 1636; *United States* v. *Addyston Pipe, etc., Co.*, 85 Fed. 271 [per TAFT, J.]; affd., 175 U. S. 211; *Clark Paper & Mfg. Co.* v. *Stenacher*, 236 N. Y. 312; *Corpin* v. *Wheatley*, 227 App. Div. 212; *Fries* v. *Parr*, 139 N. Y. Supp. 220.) Each case of this character must stand upon its own facts and circumstances.

The defendant here was an employee doing minor work in the plaintiff's beauty salon. Her services were not unique and her salary from the plaintiff was small — two dollars a day and whatever she received from customers in tips. She was employed as a manicurist and what is termed " an all around operator " under an agreement terminable at will, and was, in fact, discharged by the plaintiff without notice and without cause. Shortly after her discharge she obtained employment in a similar establishment eighteen blocks from that of her former employer. There is no credible evidence to indicate that she ever solicited any of the customers of her former employer or that any of such customers followed her to the new place of employment. The only question is whether she shall now be enjoined from working where she does because of an agreement she signed while in the employ of the plaintiff whereby she agreed not to work in a business similar to that of her employer within twenty blocks of its establishment for a period of two years from the termination of her employment.

In the absence of solicitation of plaintiff's customers by the defendant, a restrictive covenant will ordinarily not be enforced where there is nothing special about the character of the services rendered and there are no elements of trade secrets or unfair dealing. (*Clark Paper & Mfg. Co.* v. *Stenacher, supra.*) In any event, the facts in this case indicate that if the agreement is enforced it would unduly and oppressively restrict the defendant's right to earn a livelihood without yielding any material benefit to the plaintiff. The granting of the injunction will not avail the plaintiff, since it has failed to show any injury by the defendant. On the other hand, the injunction will deprive the defendant of her living and subject her to the uncertainties of the present labor market. With millions unemployed, a court of equity should not be called upon to enforce a restrictive covenant under the circumstances here existing. (*Corpin* v. *Wheatley, supra.* See, also, *Elm Fruit &*

*Vegetable Market* v. *Feo*, 238 App. Div. 862; *Oppenheimer* v. *Hirsch*, 5 id. 232; *Gilbert* v. *Wilmer*, 102 Misc. 388.)

The facts in this case differ materially from those in *Lantieri Beauty Salon, Inc.*, v. *Perrone* (N. Y. L. J. Nov. 1, 1937, p. 1450). There the employee was a skilled operator — a hairdresser and haircutter — who voluntarily left plaintiff's employ and went to work for another beauty parlor one block from that of his former employer. It also appeared that the defendant in the *Perrone* case had built up a considerable personal following during his employment by the plaintiff, and that some of these customers refused to patronize the plaintiff after defendant left but were served instead by the defendant at his new place of employment. These facts distinguish the *Perrone* case from the present action.

Settle judgment in accordance with this decision. No costs.