No. 14,780.

ELECTRICAL PRODUCTS CONSOLIDATED v. HOWELL.
(117 P. [2d] 1010)

Decided October 6, 1941.

Messrs. NEWTON, DAVIS & DRINKWATER, for plaintiff in error.

Mr. SIDNEY P. GODSMAN, for defendant in error.

*En Banc.*

MR. JUSTICE OTTO BOCK delivered the opinion of the court.

IN this action, Electrical Products Consolidated, plaintiff in error, to which we hereinafter refer as plaintiff, seeks an injunction against W. Q. Howell, defendant in error, hereinafter designated as defendant, restraining him from violating an express covenant contained in a contract of employment as a salesman. Defendant demurred to the second amended complaint on the ground that it does not state facts sufficient to constitute a cause of action, which demurrer the trial court sustained. Plaintiff elected to stand on its pleading and judgment was entered in favor of defendant. Plaintiff assigns error, and contends that said complaint does state a cause of action. The pertinent allegations of the questioned pleading involved in the consideration of this issue are as follows:

"4. That the business of the plaintiff is highly competitive and is a technical and specialized type of business; that during his employment by the plaintiff, the defendant had opportunity to and did become acquainted with the customers of the plaintiff, became familiar with the nature of the plaintiff's business and had access to customers lists, the renewal dates of contracts and leases between the plaintiff and its customers and other confidential information in the plaintiff's possession; and that by reason of the nature of his employment by the

plaintiff, the defendant acquired such an intimate knowledge of the business and customers of the plaintiff that if the defendant used his acquaintance and knowledge so obtained in a competing business it would result in irreparable injury to the plaintiff.

\* \* \* \*

"6. That among other things said contract provided, as follows:

" 'As one of the considerations and a condition of his employment by the company, the salesman covenants and agrees that for a period of one year after the termination, for any cause whatsoever, of his employment by the company, he will not, directly or indirectly either as an individual, partner, stockholder, director, officer or agent, or in any other manner whatsoever (a) engage in the same line or similar line of business as that now carried on by the company in Denver and environs; (b) transact any business in the same line or similar line of business as that now carried on by the company with any person, firm or corporation with whom he came in contact as a representative of the company.

" 'The salesman further covenants and agrees that he will not, during the term of his employment hereunder, or at any time thereafter, furnish to any individual, firm or corporation other than the company, any list or lists of customers, or information of any kind, pertaining to the business of the company.'

"7. That on or about the first day of July, 1939, the defendant, in violation of said contract and contrary to its terms and to said covenant aforesaid, became engaged and is now engaged, in the City of Denver and its environs, in the same line or similar line of business as that now carried on by the plaintiff in the City of Denver and its environs, and is transacting a business in the same line or similar line of business as that now carried on by the plaintiff, with one or more persons, firms or corporations with whom he came in contact as a representative of the plaintiff; and that the defendant

threatens to and if not restrained from so doing will continue, to engage in the City of Denver and its environs in the same line or similar line of business as that now carried on by the plaintiff in the City of Denver and its environs and will continue to transact business in the same line or similar line of business as that now carried on by the plaintiff with persons, firms or corporations with whom he came in contact as a representative of the plaintiff."

■ Questions of a similar nature were before us in the following cases: *Freudenthal v. Espey,* 45 Colo. 488, 102 Pac. 280; *Axelson v. Columbine Laundry Co.,* 81 Colo. 254, 254 Pac. 990. Generally, on a restrictive covenant of employment such as we have before us, the issues are whether the same is reasonable and just, not in restraint of trade or contrary to public policy, reasonably necessary for the protection of plaintiff's business, and not oppressive on the employee. In 17 C.J.S., page 636, section 254, we find the following statement of the law, which we believe to be pertinent here: "Covenants incident to a contract of employment, by which an employee agrees not to disclose trade secrets or engage in competition after the employment, while not viewed with the same indulgence as restrictions incident to a contract of sale, will be sustained if they are no wider than reasonably necessary for the protection of the employer and do not impose undue hardship on the employee."

Plaintiff alleges in its complaint, among other facts, which for present purposes are admitted, that its business is highly competitive and technical; that defendant, as its employee, came into personal contact with its customers and learned their requirements and the renewal dates of contracts; that the confidential information which he acquired from plaintiff, if used by him as an employee of a competitor, would result in irreparable injury to plaintiff; that defendant, in violation of the terms of his contract, became engaged, within the area

designated in the contract, in the same line of business as that carried on by plaintiff, and is transacting a business in the same line as that in which plaintiff is now engaged, with one or more persons with whom he came in contact as an employee of plaintiff, and that he threatens, if not restrained, to continue to do so.

 The time and area found in the restrictive covenant seem to be reasonable and these are not seriously challenged, but we leave this question open for determination by the trial court. Whether enforcement of the agreement would impose undue hardship on defendant is a question of fact, which cannot properly be determined in disposing of the demurrer, in a consideration of which all well-pleaded facts must be assumed to be true. Counsel for defendant vigorously argues that the purpose of the restrictive covenant was primarily to prevent the employee from leaving the employer's service, and not to prevent him from imparting information which he gained in his employment and which might be detrimental to his employer's interests, and that, under those circumstances, equity will refuse to enjoin a breach of such a covenant. Whether this is true also depends upon facts not found in the complaint and which issue may properly be raised by answer. "Each case of this character must stand upon its own particular facts." *Corpin v. Wheatley*, 237 N.Y.S. 205. See, also, *Foster v. White*, 290 N.Y.S. 394; 36 Am. Jur., p. 555, §79.

 In our opinion, the complaint alleges sufficient facts to state a prima facie case, and the sustaining of the demurrer thereto was error.

The judgment is reversed and the case remanded.

Mr. Chief Justice Francis E. Bouck and Mr. Justice Bakke dissent.