ARTHUR MURRAY, Individually and Doing Business Under the Name of ARTHUR MURRAY'S STUDIO, Respondent, *v.* SYLVIA COOPER, Appellant.

First Department, December 22, 1944.

*Copal Mintz* for appellant.

*Louis F. Huttenlocher* of counsel (*Arthur M. Moritz,* attorney), for respondent.

TOWNLEY, J. This is an action brought by Arthur Murray's Studio which formerly employed the defendant as a dancing instructor under an agreement in writing. Defendant's employment was for a stated period. On January 26, 1944, the employment was terminated by mutual consent. The allegations of the complaint are that the employee has, without the written consent of the employer and within twelve months after the termination of the employment, solicited business for herself relating to dancing in violation of the agreement and engaged in her own behalf and that of her brother in the city of New York in teaching dancing in violation of the agreement.

The pertinent part of the agreement reads as follows: " 7. The Employee agrees that upon the termination of his employment he will not for a period of twelve months thereafter, without the written consent of the Employers, solicit business for himself or any other person in any manner relating to dancing, from any of the Employers' pupils or any persons who at any time have been pupils of the Employers, or from persons whose names have been given to the Employee by the Employers, and the Employee further agrees that he will not for a period of one year following the termination of his employment engage directly or indirectly in his own behalf, or that of any other person, firm or corporation in the City of New York, or any county adjoining New York County, or within a radius of twenty-five miles of any Arthur Murray branch Studio, wherever the same may be located, in teaching dancing to any persons who

at any time are or were pupils of the Employers, or to any other persons whatsoever."

The court found in effect that there had been soliciting and an engaging in teaching dancing to persons other than former pupils of the plaintiff. In other words, the injunction herein granted depends upon the phrase of the agreement " or to any other persons whatsoever." In the absence of any findings of specific misconduct by the defendant, we are constrained to hold that it is against the public policy of the State of New York to enforce contracts which in the absence of special circumstances prevent a person working at his occupation or entering the same line of business as that of his former employer.

This policy was thoroughly discussed in *Clark Paper & Mfg. Co.* v. *Stenacher* (236 N. Y. 312). The Court of Appeals quoted with approval *Herbert Morris, Limited,* v. *Saxelby* ([1916] 1 A. C. 688, 701, 702, 704). In that case the defendant, an engineer, covenanted that he would not during a period of seven years from the ceasing of his employment carry on either as principal, agent or servant, alone or in connection with any other persons or firm, a like business to that of his employer. The House of Lords, in affirming a dismissal of the action, said: " In all cases such as this, one has to ask oneself what are the interests of the employer that are to be protected, and against what is he entitled to have them protected. * * * He is also entitled not to have his old customers by solicitation or such other means enticed away from him. But freedom from all competition per se apart from both these things, however lucrative it might be to him, he is not entitled to be protected against. He must be prepared to encounter that even at the hands of a former employee. * * * ' That doctrine does not mean that an employer can prevent his employee from using the skill and knowledge in his trade or profession which he had learnt in the course of his employment by means of directions or instructions from the employer. That information and that additional skill he is entitled to use for the benefit of himself and the benefit of the public who gain the advantage of his having had such admirable instruction.' "

There are numerous other cases in this State (*Kaumagraph Co.* v. *Stampagraph Co., Inc.,* 197 App. Div. 66, affd. 235 N. Y. 1; *Interstate Tea Co.* v. *Alt,* 271 N. Y. 76; *Corpin* v. *Wheatley,* 227 App. Div. 212; *Lantieri Beauty Salon, Inc.,* v. *Yale,* 169 Misc. 547; *Schmidl* v. *Central Laundry & Supply Co.,* 13 N. Y. S. 2d 817; *Consolidated Syrup Corporation* v. *Kaiser,* 22 N. Y. S. 2d 307) which hold to the same effect, namely, that contracts by

employees, unreasonably limiting their right to pursue their trade or occupation in the future, are held to violate public policy, because the employees' means for procuring a livelihood for themselves and family are thereby diminished.] They are deprived of the power of usefulness, and the public is deprived of the benefit of the exercise by them of their knowledge and skill.

Plaintiff-respondent relies on *Foster* v. *White* (248 App. Div. 451, affd. without opinion 273 N. Y. 596). That decision, however, is not determinative of the case at bar. In that case a certain physician had agreed not to engage in his profession in a restricted area. On a motion to dismiss the complaint, the Appellate Division decided that on the particular facts his agreement might be enforcible and the case should be tried. It was clearly stated, however, that each case must be decided on its own merits and on its particular facts. We find no similarity between the circumstances of that case and those in the case at bar.

The findings in the case at bar establish conclusively that the plaintiff has not been damaged by the conduct of the defendant. We find no reason on the facts for departing from the general principle of law as laid down by the Court of Appeals in *Clark Paper & Mfg. Co.* v. *Stenacher* (236 N. Y. 312, *supra*).

The injunction is unwarranted and the judgment should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., GLENNON, COHN and CALLAHAN, JJ., concur.

Judgment unanimously reversed, with costs, and the complaint dismissed, with costs. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.