Monroe Coverall Service, Inc., et al., Respondents, *v.* John A. Bosner et al., Appellants.

Fourth Department, March 17, 1954.

*Jacob Ark* for respondents.

*Charles P. Maloney* and *Charles E. Steinberg* for appellants.

*Per Curiam.* The judgment appealed from enjoins the defendant Bosner, a former employee of the plaintiffs, for a period of three years from engaging in the industrial laundry business in the County of Monroe and certain other neighboring counties. He is perpetually enjoined from soliciting plaintiffs' customers with whom he became acquainted while in plaintiffs' employ or from giving out information concerning plaintiffs' customers or plaintiffs' business. It also enjoins the defendant Allied Industrial Laundry, Inc., from employing the defendant Bosner in connection with its business.

The evidence discloses no trade secrets of the category which would require that the defendant Bosner be enjoined from disclosing the same. The so-called graphs and price-fixing data do not appear to come within that category as the evidence is to the effect that such data, whatever it may be, is something that plaintiffs' salesmen customarily exhibited to prospective customers to do business with the plaintiffs. Material or data exhibited generally to people in the trade loses its character, if any, as a trade secret (*Kaumagraph Co.* v. *Stampagraph Co.*, 235 N. Y. 1). None of plaintiffs' customers or prospective customers are in the category of an unadvertised or secret list. They constitute persons, firms or corporations all of whom are known to the public and doing business with the public at advertised locations. The nature of their respective businesses is well known and they can be easily located. " A distinction is made in the cases between a former employee soliciting customers of his former employer who are openly engaged in business in advertised locations and his soliciting unadvertised customers who became known to the employee only because of information obtained during his employment." (*Kleinfeld* v. *Roburn Agencies,* 270 App. Div. 509, 511.) There being no trade secrets or any secret or unadvertised list of customers involved, the defendant Bosner should not be enjoined from entering into competition with the plaintiffs either on his own behalf or as an employee of the defendant Allied Industrial Laundry, Inc. (*Levy* v. *Cosmos,* 221 App. Div. 533, affd. 248 N. Y. 622.)

The defendant Bosner, however, did contract that he would not solicit the customers of the plaintiffs with whom he became acquainted and whom he served while in the employ of the plaintiffs. He and the plaintiffs thereby agreed as to what would constitute a fair practice in the event that Bosner became a competitor of the plaintiffs after the termination of his employment with the plaintiffs. The defendant Bosner may well be in a position to injure the plaintiffs by taking advantage of the favor he may have found with plaintiffs' customers with whom he became acquainted and served while in plaintiffs' employ. Plaintiffs are entitled to protection against unfair competition (see *Interstate Tea Co.* v. *Alt,* 271 N. Y. 76, 80, and *Peekskill Coal & Fuel Oil Co.* v. *Martin,* 279 App. Div. 669). That part of the agreement should be enforced by injunction for a reasonable period of time. We think that three years from November 16, 1951, when Bosner left the employ of the plaintiffs, constitutes a reasonable period of time during which

Bosner should be so enjoined. Bosner's present employer, Allied Industrial Laundry, Inc., should likewise be enjoined for a like period of time from employing Bosner to solicit customers of the plaintiffs with whom he became acquainted and served while in the employ of the plaintiffs.

The judgment should be modified accordingly and, as so modified, affirmed.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

Judgment modified on the law and facts in accordance with the opinion and as modified affirmed, without costs of this appeal to any party. Certain findings of fact disapproved and reversed and new findings made. [See *post*, p. 998.]