I. EDWARD BROWN, INC., Appellant, *v.* ASTOR SUPPLY CO., INC., et al., Respondents.

First Department, June 25, 1957.

*Victor Brudney* of counsel (*Harold Oelbaum* with him on the brief; *Hellerstein & Rosier,* attorneys), for appellant.

*Louis Rivkin* of counsel (*Irwin Reicher* with him on the brief; *Rivkin & Rosen,* attorneys), for Astor Supply Co., Inc., respondent.

*Leo Bradspies* for Isadore Cohen, respondent.

*Per Curiam.* In 1950, plaintiff I. Edward Brown, Inc., a dealer in cleaning supplies for office buildings and institutions, engaged defendant Cohen as a commission salesman. The employment contract, which set forth the rates and terms of his commissions, also contained a covenant not to compete. This negative covenant was carefully limited both as to time (one year) and place (metropolitan New York, New Jersey and Connecticut) and bound Cohen not to solicit plaintiff's customers for another's benefit. A specific exception to the covenant was that it was not to be applicable if, after six months' employment, plaintiff discharged Cohen without cause. Built upon that exception were two additional exceptions, namely, that the covenant would apply even to a discharge without cause after six months' employment if Cohen's sales were less than $400 per month for three consecutive months, or, if plaintiff paid Cohen three months' severance pay, as defined, at termination.

After six years of mutually satisfactory employment, Cohen and plaintiff's president exchanged heated words over an apparently inequitable ruling by the employer as to Cohen's right to approach dormant accounts formerly handled by other of plaintiff's salesmen. Plaintiff's president had the last word. He told Cohen that if he did not like the ruling, inconsistent though it might be, he could leave. Cohen left.

Cohen is now employed by defendant Astor Supply Co., Inc., a competitor of plaintiff. Plaintiff seeks to enjoin Cohen and Astor from soliciting accounts formerly handled by Cohen while in plaintiff's employ, and for an accounting. The injunction sought is for the four months that remain of the one-year period since Cohen left plaintiff's employ.

Special Term dismissed the complaint on a finding that the covenant, even as limited, was against public policy. This was improper. Admittedly, the courts have been reluctant to enforce negative covenants where no special skills, trade secrets or other valuable business properties are involved (*Corpin* v. *Wheatley*, 227 App. Div. 212) and have absolutely refused to enforce them when the restraints are not limited reasonably as to time and place (*Clark Paper & Mfg. Co.* v. *Stenacher*, 236 N. Y. 312; *Kaumagraph Co.* v. *Stampagraph Co.*, 197 App. Div. 66, affd. 235 N. Y. 1).

However, contracts designed to restrain for a limited time former employees from soliciting active customers of their former employer are enforcible (*Interstate Tea Co.* v. *Alt*, 271 N. Y. 76; *Peekskill Coal & Fuel Co.* v. *Martin*, 279 App. Div. 669; *Monroe Coverall Service* v. *Bosner*, 283 App. Div. 451). Hence, had Cohen voluntarily left plaintiff's employ or been discharged for cause, the injunction for one year prohibiting solicitation of former accounts would lie.

But it is clear that Cohen did not leave voluntarily. Plaintiff's inequitable treatment, coupled with the fiat that Cohen could leave if he did not like it, forced Cohen's resignation under conditions amounting to a discharge without cause. Cohen had no decent alternative but resignation; and, hence, his letter of resignation was nothing more than a commercial courtesy. This letter ought not be used to enlarge the scope of the covenant not to compete. Cohen, having really been discharged without cause after some six months' employment, the negative covenant by its own terms is not applicable unless plaintiff brings Cohen within one of the two exceptions that extend the six-months' limitation. This, plaintiff has failed to do.

The judgment should be affirmed, with costs to defendants-respondents.

FRANK, J. (dissenting). We must dissent and vote to modify the judgment of the learned court at Special Term.

This is an action by which the plaintiff, as the former employee of the defendant Cohen, seeks to restrain him and his new employer, the corporate defendant, from violating a con-

tract of employment heretofore existing between the plaintiff and the defendant Cohen, and for unfair competition.

The defendant Cohen was employed as a salesman by the plaintiff under a contract dated September 20, 1950, which contained the following restrictive covenant:

"So long as you continue in our employ, and for one year thereafter, you will not, directly or indirectly, sell to, solicit orders from, or make deliveries to, any of our customers who have an office or place of business in our territory, with respect to any article competing with articles sold by us; and you will not in any manner conduct a business in competition with our business in our territory. It is understood that this Company's territory includes the City of New York, the Counties of Westchester, Suffolk and Nassau in the State of New York and the States of New Jersey and Connecticut.

"The non-competition provisions of this agreement shall not apply if we discharge you or terminate your employment without cause, at any time more than six months subsequent to the date of this agreement. * * *

"Your employment is to continue indefinitely and may be terminated at any time either by you or by us upon one week's written notice."

As the result of a dispute, Cohen resigned from the plaintiff's employ by letter dated October 19, 1956.

It has been suggested that the learned trial court made no finding as to whether Cohen resigned or was discharged. We can neither adopt nor accept that suggestion upon this record. The opinion of the trial court states in part, as follows: "On October 19, 1956, following a dispute, Cohen left the employ of the plaintiff corporation". In our view, this is an unequivocal finding by the court that the defendant resigned and was not discharged. The use of the word "left" rather than "discharged" is significant and conclusive. Moreover, had the trial court found that the defendant Cohen was discharged, there would have been no need to consider the question as to whether the plaintiff was entitled to injunctive relief on the basis of the cases cited in its opinion. If Cohen had been discharged, the restrictive covenant would have been inapplicable, and judgment for the defendants would have necessarily followed such a finding. The court, however, predicated its determination upon the fact that the relationship between the plaintiff and the defendant Cohen was not a confidential one and did not involve trade secrets. As already stated these issues would not have been reached if in fact there had been a discharge, as distinguished from a resignation.

We are in agreement with the majority that injunctive relief should be afforded the plaintiff, if Cohen resigned or voluntarily left his employ, and with the analysis of the cases cited in the opinion. Where we differ is upon the facts. As heretofore stated, we believe that the trial court found that the defendant Cohen resigned, and that such a determination is sustained by the credible evidence. The majority holds that Cohen was discharged.

The restrictive covenant providing that the defendant Cohen shall not solicit the plaintiff's customers should be enforced, according to its terms, for a period of one year from the date of the defendant's resignation; the injunction should prohibit the individual defendant from soliciting the customers or accounts which he formerly serviced for the plaintiff; and the matter remitted to Special Term to assess the plaintiff's damages, if any.

There is no proof in the record that the corporate defendant either induced Cohen to breach his contract with the plaintiff, or that it knew of the existence of the contract. The judgment, therefore, in favor of the corporate defendant should be affirmed.

Under the circumstances, the judgment of the court below should be modified in accordance with this opinion.

BREITEL, J. P., VALENTE and BASTOW, JJ., concur in *Per Curiam* opinion; FRANK, J., dissents and votes to modify in opinion, in which McNALLY, J., concurs.

Judgment affirmed, with costs.