■ S. NATHANIEL ROCHELLE, Respondent, v. ANTHONY F. AMENDOLA, Appellant.— In an action to enjoin a former employee from engaging in the bail bond business in competition with plaintiff, the defendant appeals from a judgment of the Supreme Court, Westchester County, entered February 9, 1960, after trial without a jury, restraining him from entering into competition with plaintiff or engaging in the bail bond business in Onondaga County in the State of New York until February 10, 1965. Judgment reversed on the law and the facts, with costs, and complaint dismissed. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. By written agreement dated April 24, 1954, plaintiff engaged defendant, for a weekly salary and a percentage of the net operating profits, to manage the bail bond office of plaintiff in Syracuse, Onondaga County, New York. The agreement was terminable by either party on giving 60 days' notice. Defendant covenanted that upon such termination he would not enter the bail bond business for himself or be employed by another as a bail bond agent, for

a period of five years. Within that period defendant entered the bail bond business for himself in said county. During the period of his employment by plaintiff, the defendant wrote bail bonds for "customers" (apparently persons who were defendants in criminal proceedings), kept records and made reports, and he was instructed to be alert in local courts to "see if anybody is interested in anybody that is arrested for some crime". On the foregoing facts, the granting of an injunction is unwarranted. The nature of the work done by defendant for plaintiff was not unique or extraordinary, nor did it involve any element of secret or valuable information concerning plaintiff's business. The injunction here serves only to protect plaintiff from ordinary competition, rather than to protect plaintiff's business against competition by improper and unfair methods. An injunction which has such an effect has been proscribed as against public policy, despite defendant's negative covenant in the employment contract. (*Paramount Pad Co.* v. *Baumrind*, 4 N Y 2d 393; *Interstate Tea Co.* v. *Alt*, 271 N. Y. 76; *Clark Paper & Mfg. Co.* v. *Stenacher*, 236 N. Y. 312; *Murray* v. *Cooper*, 268 App. Div. 411, affd. 294 N. Y. 658.) Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.