BATES CHEVROLET CORP., Appellant, *v*. HAVEN CHEVROLET, INC., et al., Respondents.

First Department, April 11, 1961.

*Bernard Trencher* (*Andrew Perl* with him on the brief), for appellant.

*John Pasta* for Haven Chevrolet, Inc., respondent.

*Anthony J. Shovelski* of counsel (*Henry Mark Holzer* with him on the brief; *Godfrey P. Schmidt,* attorney), for Charles G. Betz, respondent.

*Per Curiam.* Plaintiff is a franchised Chevrolet dealer engaged in selling motor vehicles to individual buyers and fleet owners. It seeks damages and an injunction against defendant Betz, a salesman formerly employed by plaintiff, and against defendant Haven Chevrolet, Inc., another dealer by whom Betz is now employed.

The injunction sought would restrain defendants from violating a negative covenant in Betz' successive employment contracts with plaintiff. In such covenant Betz had agreed not to solicit or accept business from plaintiff's customers, on his own or another's behalf, for five years after the termination of his employment.

The covenant reads as follows: '' I further expressly covenant and agree, which covenant and agreement is of the essence of this agreement, that at no time during the period of my employment and for the period of five years following the termination of my employment (whether such termination shall be at your request or upon my resignation) will I directly or indirectly for myself or as the agent of, on behalf of or in conjunction with any person, partnership, association or corporation, canvass, solicit or accept any business from any customer or customers on your books and records or who have been thereon or will be placed thereon during the period of my employment, or permit or allow or give any person, firm, association or corporation the right or permission to canvass, solicit, or accept business from any of said customers, or disclose to any person, firm, association or corporation the names or addresses of any such customer or customers, or directly or indirectly in any way request or advise any of said customers to withdraw or cancel any of their business with you.''

With no prior experience in the business, defendant Betz became a salesman for plaintiff and served in that capacity for 10 years. The covenant set out above was included in each of several employment contracts signed by him during his tenure.

In 1959 Betz resigned and became employed by defendant Haven Chevrolet, Inc., whose business was centered on Long Island some 20 miles from plaintiff's place of business in The Bronx. Shortly after Betz began his new employment, plaintiff

called the attention of both defendants to the terms of the covenant and demanded that it be obeyed. Nevertheless, as established by the undisputed evidence at the trial, defendants solicited and accepted business from a number of plaintiff's customers with whom Betz had dealt while employed by plaintiff and with whom Haven Chevrolet had not previously done business.

Defendants rested at the conclusion of plaintiff's case, relying upon the defense that the covenant constituted an unreasonable restraint of trade and was accordingly unenforcible. The trial court sustained their position and dismissed the complaint. In view, however, of the nature of the business involved and the limited scope and purpose of the covenant, it should not have been deemed unreasonable and the relief sought should have been granted.

It is axiomatic that a negative covenant against competition by an employee following the termination of his employment is generally enforcible, provided it is reasonably necessary for the protection of the employer and is reasonably limited as to time and place (*I. Edward Brown, Inc.*, v. *Astor Supply Co.*, 4 A D 2d 177, 179; Restatement, Contracts, § 516, subd. [f]; Enforceability of Restrictive Covenant [Time], Ann. 41 A. L. R. 2d 15 *et seq.*; Enforceability of Restrictive Covenant [Area], Ann. 43 A. L. R. 2d 94 *et seq.*). In the case of employment contracts, in contrast to agreements for the sale of businesses, a significant consideration in determining the reasonableness of covenants against competition is the hardship which may be worked upon the employee in pursuing a livelihood and putting to gainful use the skills and experience he has acquired in his trade (*Lynch* v. *Bailey*, 275 App. Div. 527, 531, affd. 300 N. Y. 615; *Murray* v. *Cooper*, 268 App. Div. 411, 413–414, affd. 294 N. Y. 658). Such concern for earning a living does not, however, immunize an employee from contractual restraints against capitalizing on his acquaintance with his former employer's customers or the favor he found with them (*Monroe Coverall Service* v. *Bosner*, 283 App. Div. 451).

An employer's trade secrets, his investment in developing unique skills among his employees and his confidential customer lists compiled at great expense are not alone subject to protection by contractual arrangement. Such interests will be preserved even in the absence of negative covenants in employment contracts (*Town & Country House & Home Service* v. *Newbery*, 3 N Y 2d 554, esp. 558–559; *People's Coat, Apron & Towel Supply Co.* v. *Light*, 171 App. Div. 671, affd. 224 N. Y. 727). But the parties to the employment relationship may, where rea-

sonably necessary to protect the employer's good will, agree that solicitation or acceptance of business from the employer's customers by the employee after the relationship is ended shall, additionally, constitute an unfair trade practice (*Monroe Coverall Service* v. *Bosner,* 283 App. Div. 451, 452, *supra*).

Although the proof in this case did not show that Betz acquired knowledge of any trade secrets or unique business methods, it did show that he became familiar with discounts expected by plaintiff's customers and of their special needs. It is apparent also that he estabished a personal relationship with many customers, became acquainted with purchasing agents for fleet owners, entertained prospects at plaintiff's expense, and built up customer confidence in plaintiff's business. So, too, he could readily have obtained similar advantage with customers served by other salesmen in plaintiff's employ, thus justifying a covenant extending to all of plaintiff's customers, although the proof does not establish the need to grant relief of such breadth. Presumably, Betz was fairly rewarded, and his employer was entitled to preserve by contractual arrangement the opportunities allowed him. This it did, and by a negative covenant reasonably limited to the purpose.

Unlike many such covenants struck down as unreasonably broad, this one did not prohibit Betz from performing the same type of services for plaintiff's competitors, wherever they might be located (e.g., *Clark Paper & Mfg. Co.* v. *Stenacher,* 236 N. Y. 312, 318–319, 322; *Murray* v. *Cooper,* 268 App. Div. 411, affd. 294 N. Y. 658, *supra*; *Paramount Pad Co.* v. *Baumrind,* 4 N Y 2d 393). In the latter case, relied upon by the trial court, it was just such a promise, prohibiting other employment in the same industry, which, among other things, rendered the covenant void.

The covenant here involved was limited in time to five years. Moreover, rather than exclude Betz from competing within a limited geographical area it merely forbade him from soliciting or accepting business from anyone who was or became plaintiff's customer during the period of Betz' employment. As so limited, the covenant did not impose an unreasonable restraint (*Cosmos* v. *Crohan,* 258 App. Div. 1056; *Markowitz* v. *Tabakin,* 250 App. Div. 768; see *Foster* v. *White,* 248 App. Div. 451, esp. 455–456, affd. 273 N. Y. 596; cf. *Ward Baking Co.* v. *Tolley,* 248 N. Y. 603).

Because plaintiff, at the trial, properly confined its request for injunctive relief to include only those of its customers with whom defendant Betz personally dealt during the last two years of his employment with plaintiff, and because such limited relief

will apparently afford adequate protection to plaintiff, no broader injunction should be granted (*Interstate Tea Co.* v. *Alt,* 271 N. Y. 76, 80; *McCall Co.* v. *Wright,* 198 N. Y. 143, 150). Defendant Haven Chevrolet, Inc., having been informed of the negative covenant and having profited from its violation should be similarly enjoined (*Markowitz* v. *Tabakin,* 250 App. Div. 768, *supra*).

The judgment appealed from should be reversed, on the law and the facts, and in the exercise of discretion, an injunction granted as requested upon the trial, and a reference ordered for an assessment of damages, with costs and disbursements to plaintiff-appellant.

BREITEL, J. P., VALENTE, STEVENS, STEUER and BASTOW, JJ., concur.

Judgment unanimously reversed, on the law and on the facts, and in the exercise of discretion, an injunction granted as requested upon the trial, and a reference ordered for an assessment of damages, with costs to appellant. Settle order on notice.