CATER CART CORP., Plaintiff, *v.* ALBERT COHAN, Defendant.

Supreme Court, Special Term, Queens County, June 26, 1962.

*Shapiro, Schlissel & Shiff* for plaintiff. *R. Benedict Cohen* for defendant.

ANTHONY M. LIVOTI, J. Motion by plaintiff for an order enjoining the defendant and all persons, firms or corporations acting in concert with him, or for whom the defendant, directly or indirectly, as agent or otherwise, is acting, and all of the defendant's aiders and abettors, from soliciting or accepting business, directly or indirectly, at the locations constituting the route heretofore serviced by the defendant pursuant to an agree-

ment entered into by the parties, and further restraining and enjoining the defendant and every person, firm or corporation acting for, under or in concert with him, from soliciting the breach by other drivers of their contracts with the plaintiff, or from conspiring with anyone to violate in any manner the covenants contained in the agreement of March 20, 1962.

Plaintiff has been engaged in the business of leasing catering trucks and distributing food products on retail routes serviced by various drivers pursuant to written contracts since December 16, 1961. In order to operate this business plaintiff purchased and maintained trucks, operated a commissary, employed cooks, buyers and clerical help, in addition to developing the food distribution business through route drivers. Plaintiff contends that his customers and the good will developed through the operation of this business are valuable assets, the loss of which is threatened by the acts of the defendant herein.

On March 20, 1962, plaintiff and defendant entered into an agreement for a five-year term providing for the leasing by plaintiff to defendant of a catering truck. Defendant under this agreement was to lease the catering truck from plaintiff, with the plaintiff obligated to maintain the vehicle. Defendant in turn was to wear a uniform (supplied by plaintiff) while operating the truck, and was required to purchase the bulk of the merchandise to be sold from the truck from the plaintiff, and defendant, under the agreement, also had an option to buy the truck.

Plaintiff moves in the instant motion to enjoin defendant's breach of paragraph 4 of subdivision (e) of the said agreement. Paragraph 4 of subdivision (e) reads as follows: "During the term of this agreement, and for a period of eighteen (18) months after the termination of this agreement because of the sale of the route and/or for any other cause whatsoever, the Lessee will not, directly or indirectly, for himself or as agent of, on behalf of or in conjunction with, any person, firm, corporation or association, solicit or accept business at the locations or ' stops ' constituting his route. This provision is of the essence of this agreement, and the Lessee agrees to the terms thereof in consideration of the opportunity being afforded to him by Cater Cart to develop his own business pursuant to the terms hereof."

Defendant, on May 25, 1962, in disregard of the aforesaid agreement, ceased operating the plaintiff's catering truck and commenced a similar operation in association with a corporation known as Rolling Chef, Inc., and has been soliciting and accepting business at the locations or stops which he formerly operated pursuant to the agreement with the plaintiff.

The affidavits submitted herein clearly demonstrate a breach by defendant of his agreement with the plaintiff. The language in paragraph 4 of subdivision (e) of the agreement is very clear in that defendant was obligated not to solicit or accept business at the locations or stops constituting his route either during the term of the agreement or for a period of 18 months after the termination of the said agreement because of the sale of the route and/or for any other cause whatsoever.

The facts set forth by plaintiff in support of the motion clearly demonstrate plaintiff's right to an injunction. (*Bates Chevrolet Corp.* v. *Haven Chevrolet,* 13 A D 2d 27; *Monroe Coverall Serv.* v. *Bosner,* 283 App. Div. 451; *Rudiger* v. *Kenyon,* 32 Misc 2d 804.) It is well settled that a negative covenant against competition by an employee following the termination of his employment is generally enforcible, provided it is reasonably necessary for the protection of the employer and is reasonably limited as to time and place. (*I. Edward Brown, Inc.,* v. *Astor Supply Co.,* 4 A D 2d 177, 178–179.)

In the instant motion, it is obvious that the negative covenant sought to be enforced is reasonably necessary for the protection of the plaintiff. The sole intent and purpose of the negative covenant in the agreement of March 20, 1962, is to protect the legitimate interests of the plaintiff to the extent of preventing the defendant from appropriating to himself that which he, by contract, acknowledged to be that of plaintiff.

Moreover, the covenant involved was limited in time, a time in this court's opinion which is not unreasonable, and did not exclude defendant from competing with plaintiff; rather it forbade him from soliciting or accepting business on the routes or stops serviced by him while the agreement was in effect.

The court is convinced that the defendant is in a position to cause irreparable injury to the plaintiff by taking advantage of the favor he found with plaintiff's customers with whom he became acquainted and serviced. Accordingly, plaintiff's motion for a temporary injunction is granted.