Joseph Liff, J.
This matter was referred to this court from Special Term, Part I, by Mr. Justice Berhakd S. Meyer.
The defendant Siodmak who is now employed by the corporate defendant, prior to April 17,1964, was employed by the' plaintiff as a route salesman in plaintiff’s business of selling food supplies and products to restaurants, hotels, bars, etc. It appears that a considerable part, if not all, of the plaintiff’s goods is packaged under a trade name.
The employer and employee entered into an agreement which contained the following provision: “ The salesman agrees not to enter into the food business as route salesman or in any other capacity whatsoever in Nassau and Suffolk Counties, New York, for a period of two years after the termination of his employment with me.”
In the course of his employment with the defendant, Siodmak has apparently solicited customers whom he served while in plaintiff’s employ.
The plaintiff has brought an action for an injunction against the former employee and his present employer. Plaintiff alleges the facts hereinbefore referred to and prays for an injunction that: “ siodmak be enjoined and restrained from *802 entering into the food business as a route salesman or in any other capacity whatsoever in Nassau and Suffolk Counties, New York, for a period of two (2) years, or divulging any information obtained by him from Plaintiff by virtue of his employment by Plaintiff, and the Defendant, van george food products, inc. a/k/a vangeorge food products, inc., be enjoined and restrained from employing the Defendant, theodore c. siodmak a/k/a ted siodmak, as a route salesman or in any other capacity whatsoever in Nassau and Suffolk Counties, New York, for a period of two (2) years ” and other relief. The plaintiff seeks the same relief in this application for a temporary injunction.
The defendants have cross-moved to dismiss the complaint pursuant to paragraph 7 of subdivision (a) of 3211 CPLB on the ground that it fails to state a cause of action. They concede that the facts are substantially undisputed.
The court has reached the conclusion that the restrictive covenant is oppressive and unenforcible, against public policy and therefore void. The plaintiff cannot prevail on his complaint and it must be dismissed.
The plaintiff’s motion for a temporary injunction is denied, and the defendants’ motion to dismiss the complaint is granted.
Before a negative covenant may be enforced by an employer against a former employee, it must appear that some unique knowledge or information was acquired by the employee or that covenant is reasonably limited as to time and place; that it is reasonably necessary for the protection of the employer; and that it is not unduly harsh in the restrictions placed on the employee in pursuing his livelihood. (Bates Chevrolet Corp. v. Haven Chevrolet, 13 A D 2d 27; I. Edward Brown, Inc. v. Astor Supply Co., 4 A D 2d 177; Clark Paper & Mfg. Co. v. Stenacher, 236 N. Y. 312.) Even in the absence of a covenant, former employees may be restrained from soliciting customers of the employer, knowledge of whom was gained during the employment and which were gathered by the employer at a substantial cost (Town & Country Serv. v. Newbery, 3 N Y 2d 554). An employee may be restrained from soliciting the customers of his former employer where a covenant not to do so following termination of his employment existed. (Bates Chevrolet Corp. v. Haven Chevrolet, supra.)
The plaintiff has cited in support of his position the decision in Cater Cart Corp. v. Cohan (35 Misc 2d 702). There the covenant in question provided, among other things, that the employee would not solicit or accept business at the locations or stops constituting his route. This was a reasonable restriction the violation of which was enjoined.
*803 The covenant here being considered requires the employee not to enter into the food business either as a route salesman or in any capacity whatsoever in Nassau and Suffolk Counties. Certainly, an employer is entitled to protection in appropriate circumstances. This clause has been so broadly drawn that it must fall altogether. Both the prayer for relief in the complaint and this application for a preliminary injunction ask that Siodmak be “ enjoined and restrained ” in the exact words of the clause. In other words, not only that he may not be employed as a route salesman in the sale of foods, but also that he may not be employed in the food business in any capacity whatsoever.
The restraints exceed the degree of protection to which the employer was entitled in order to preserve his legitimate interests. The agreement would work to unreasonably prevent the former employee from pursuing his occupation in an area where no harm would come to the employer. 11 Where the restraint imposed is more extensive than the legitimate interests sought to be protected, the restraint is invalid.” (Paramount Pad Co. v. Baumrind, 4 N Y 2d 393, 396-397.) It follows, therefore, that the provision is against public policy and void.