JOSEPH F. KARPINSKI, Respondent, *v.* PAUL C. INGRASCI, Appellant.

Fourth Department, June 30, 1970.

404

*Gabriel N. Meckenberg* for appellant.

*William S. Elder, Jr.,* and *Robert E. White* for respondent.

WITMER, J.   Defendant appeals from a judgment in favor of the plaintiff (1) in the sum of $44,606.87, consisting of $40,000, the amount of a promissory note made by defendant to the order of plaintiff, plus $4,291.67 interest thereon and $315.20 costs, and (2) permanently enjoining defendant from practicing oral surgery or dentistry in the five counties of Cayuga, Cortland, Seneca, Tompkins and Ontario.   The judgment was rendered following a nonjury trial of an action for breach of an employment contract made between plaintiff and defendant for a three-year period beginning July 1, 1962.

The record shows that plaintiff began the practice of oral surgery in Auburn in 1953; and because most of his work came from referrals from other dentists, over a period of years he deliberately and at great effort and considerable expense cultivated the acquaintanceship and confidence of the practicing dentists in the five-county area above mentioned.   It appears that in a rural area a combination of several counties is required to furnish a sufficient clientele to occupy the full-time services of an oral surgeon.   By the early 1960's he had so much practice coming to him from Tompkins County, including the City of Ithaca, that he was urged, in order to accommodate patients in that area to set up a branch office in Ithaca.   This he did by

entering into the subject contract with defendant, who had just completed his residency in oral surgery.

Paragraph 6 of the contract contains the provisions of particular concern in this action, and it provides in major part as follows:

" The party of the second part [defendant-appellant] promises and covenants that while this agreement is in effect and forever thereafter, he will never practice dentistry and/or Oral Surgery in Cayuga, Cortland, Seneca, Tompkins or Ontario Counties, except:

" (a) In association with the party of the first part [plaintiff-respondent] * * *

" In consideration of the above terms of employment, and of the experience gained while working with the party of the first part, particularly in Oral Surgery, the party of the second part agrees to execute a promissory note in the amount of Forty Thousand Dollars ($40,000.00) payable to the party of the first part or the survivor thereof.

" It is understood and agreed by and between the parties hereto that the aforesaid note shall become due and payable if said party of the second part practices dentistry and/or Oral Surgery in Cayuga, Cortland, Seneca, Tompkins or Ontario Counties disassociated from the party of the first part. Said note shall be null and void if party of the second part becomes a partner with party of the first part, or if he practices outside Cayuga, Cortland, Seneca, Tompkins or Ontario Counties."

Defendant immediately established his residence in Ithaca and cared for most of the patients who came to the Ithaca office, and also assisted plaintiff in his Auburn office two days per week. Naturally he became well acquainted with the practicing dentists in the area. No question is raised concerning the character of the services rendered by defendant during the existence of the contract nor concerning appropriate payment therefor. The practice prospered.

At the end of the three-year period of the contract it was not renewed but the parties continued to work under its terms, except that plaintiff paid defendant more for his services. Defendant sought a new contract in which a partnership would be established and which would modify the restrictive covenant and promissory note provision in the event of breach, quoted above, but plaintiff rejected defendant's proposals, principally because plaintiff insisted on a restrictive covenant and promissory note provision similar to that in the existing contract.

In February, 1968 when defendant decided that further effort

to negotiate a new contract suitable to him would be fruitless, he advised plaintiff that he would terminate their relationship on March 15, 1968 unless plaintiff wished to end it sooner. Plaintiff promptly relieved defendant of his duties on February 19, 1968. Thereafter on February 26, 1968 defendant opened his own office for the practice of oral surgery in Ithaca; and within two months plaintiff began this action to restrain him and to collect on the promissory note.

The Trial Justice found that during the period of employer-employee relationship between the parties the plaintiff did not impart to defendant any trade secret or special process nor disclose any confidential information relating to plaintiff's practice of dentistry. He also found that neither the contract nor the promissory note in the sum of $40,000, payable on defendant's breach of the contract, states that the note represents plaintiff's liquidated damages in the event of defendant's breach; and that the amount of the note was fixed by plaintiff on the basis of his investment of time and money in developing his " business " prior to the employment of defendant.

There is no impropriety in the contract covenant that upon breach of the contract by defendant he be " forever " barred from the practice of oral surgery within the five-county area (*Foster* v. *White,* 248 App. Div. 451, affd. 273 N. Y. 596) since, insofar as defendant would compete with plaintiff, the covenant not to practice therein is reasonable (see *Purchasing Assoc.* v. *Weitz,* 13 N Y 2d 267, 272–273). The Trial Justice found upon sufficient evidence, however, that a practicing dentist is not in competition with an oral surgeon. In light of such finding the restrictive covenant in the contract that defendant " will never practice dentistry and/or oral surgery " in the area is too broad. Restrictive employment covenants are upheld only insofar as such covenant in the particular case is reasonably necessary for the plaintiff's protection. Clearly, the provision restraining defendant from the general practice of dentistry as opposed to the practice of oral surgery, is not reasonably necessary for plaintiff's protection. " Where the restraint imposed is more extensive than the legitimate interests sought to be protected, the restraint is invalid " (*Paramount Pad Co.* v. *Baumrind,* 4 N Y 2d 393, 396–397; and see *Janitor Serv. Mgt. Co.* v. *Provo,* 34 A D 2d 1098; *De Mov* v. *Siodmak,* 43 Misc 2d 801, 803). The restrictive covenant and promissory note, therefore, are completely void.

Even if the contract and note were not void, this judgment could not stand. We agree that the promissory note reasonably represents plaintiff's liquidated damages and is not a penalty.

Whether the plaintiff is entitled to both injunctive relief and monetary damages depends upon the intent of the parties and the facts (*Diamond Match Co.* v. *Roeber,* 106 N. Y. 473, 486). Here plaintiff could not enjoin defendant from competing and also recover the full damages which have been agreed that plaintiff would suffer in the event defendant competes with him. He could enjoin the defendant or he could collect the agreed damages, but he could not do both, resulting in double recovery. Were the covenant valid, plaintiff, having sought and obtained an injunction restraining defendant from competing henceforth, could only recover his actual damages from the time of defendant's breach of February 26, 1968 to the time that he ceased to compete by virtue of the injunction (*Wirth & Hamid Fair Booking* v. *Wirth,* 265 N. Y. 214, 223–224).

The judgment should, therefore, be reversed and the complaint dismissed.

GOLDMAN, P. J., MARSH, MOULE and HENRY, JJ., concur.

Judgment unanimously reversed on the law and facts with costs and complaint dismissed.