OPINION OF THE COURT
Loren N. Brown, J.
The defendant moves for an order dismissing the complaint, pursuant to CPLR 3211 (a) (7) on the grounds that the complaint fails to state a cause of action.
The defendant is a licensed hairdresser at one time employed by the plaintiff at a beauty salon located at Latham Circle Mall in Latham, New York. As a condition of her employment, the defendant was required to sign an agreement not to directly or indirectly operate or work in a beauty salon within two miles of a beauty salon owned or operated by the employer during her employment, or for a period of one year after termination of her employment. In early 1984, she resigned, and went to work for a beauty salon on Wolf Road in the Town of Colonie. She returned to work for the plaintiff in mid-1984, and continued to work at the plaintiff’s shop in the Latham Circle Mall until she resigned in April of 1986. On March 18, 1986, she signed another agreement not to compete. After she resigned a second time, she went to work at Unisex Hair Salon in Latham Circle Mall, and this action followed.
The defendant now moves to dismiss the complaint on the grounds that the contract with its covenant to compete is unreasonable, overly restrictive, and unenforceable as a matter of law.
Restrictive covenants which tend to deny an employee the opportunity to gain like employment following termination "will be enforced only if reasonably limited temporally and geographically * * * and then only to the extent necessary to protect the employer from unfair competition which stems from the employee’s use or disclosure of trade secrets or confidential customer lists” (Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp., 42 NY2d 496, 499), or if the employee’s services are unique or extraordinary (Reed, Roberts Assoc. v Strauman, 40 NY2d 303), or to protect the employer from solicitation of its customers by the employee (Purchasing Assoc. v Wertz, 13 NY2d 267).
Viewed within this framework, the complaint and supporting affidavit, which allege that the defendant has a unique skill, and that, after breaching the covenant not to compete, *223 she solicited customers from the plaintiff, states a cause of action.
Though the court in Donnybrook Hairdressers v Schachter (32 Mise 2d 204), cited by the defendant, found as a matter of law that a hairdresser does not possess unique skill, the decision, by a court of coordinate jurisdiction, cannot bind this court. Moreover, the court in Donnybrook, in reaching its conclusion that a hairdresser does not possess unique skills, mistakenly cites as authority Corpin v Wheatley (227 App Div 212). A close reading of Corpin reveals that the Appellate Division did not so hold. The court in Corpin merely found that there was a lack of proof as to the uniqueness of a hairdresser’s skills. Without such proof, injunctive relief was denied.
The motion to dismiss is denied.