STANDARD LIBRARY, INC., Plaintiff, *v.* " NATHAN " ADDIS, First Name Unknown to Plaintiff but Known as " Nat," Defendant.

Supreme Court, Special Term, New York County, February 21, 1938.

*Port & Berger*, for the plaintiff.

*Price Brothers* [*Harvey C. Price* of counsel], for the defendant.

NOONAN, J.   Motion by plaintiff for an injunction *pendente lite.* Plaintiff is and has been for twelve years engaged in the business of a circulating library, which was built up principally through the efforts of the plaintiff's president.   The business is transacted by route men coming in contact with readers to whom books are rented at a cost of twenty-five cents a week.   Defendant was

such an employee for approximately the past five months. Plaintiff's president says in the moving affidavit that at the commencement of his employment the defendant was given approximately 450 cards containing the names of customers and a record of the books which they read, with the amount of payment due or their past indebtedness.

Subsequent to January 22, 1938, when defendant left the plaintiff's employment, it was learned that he was renting books on his own account to plaintiff's customers, and a temporary injunction is sought to restrain him from soliciting, canvassing and distributing books to these customers.

There is proof by plaintiff that about nine persons who formerly dealt with the plaintiff are now taking books from the defendant, and that others, whose names are not given, had stated to the defendant's successor as a route man their desire to discontinue the service. There is a statement in one of the moving affidavits, unsupported by definite proof, that the business for one week on the defendant's former route had depreciated about fifty-five per cent.

Only one customer's affidavit is submitted, who states that on January 28, 1938, the defendant came to him " and told me he was in the book business himself and asked me to take books from him in the future."

Defendant, in his defense, asserts in an answering affidavit that while he received cards from the plaintiff containing the names and addresses of customers, the number of these cards was less than 450, as averred by the plaintiff's president. He further states that at no time subsequent to the termination of his employment did he inform any prospective customers that he was still employed by the plaintiff or that he is furnishing books to them on behalf of the plaintiff, but, on the contrary, delivered to them printed cards and book marks indicating that he was in business for himself. He also states that he procured fifty customers for the plaintiff whose names were not on the list given to him, and " that in those cases where he may have contacted customers of the plaintiff, this was done merely by chance by reason of the fact that your deponent solicited a great many of the customers in large buildings in which the plaintiff may have had some customers." He denies that he ever did anything which was calculated to interfere with the plaintiff's business or that he ever received from the plaintiff information of a confidential nature.

Admittedly the defendant had no definite period of employment, but was engaged at will, with no restraint imposed on him from entering into the same business either on his own account or for a

new employer. It is also conceded that the cards given to the defendant have been returned to the plaintiff.

On this proof there is no justification for the issuance of a temporary injunctive order. The facts stated by the plaintiff do not warrant the inference that in the short period of time since the termination of defendant's employment he has appropriated by improper methods any of the plaintiff's customers. It is to be noted that only one customer of the plaintiff has sworn that he was approached by the defendant.

There is no clear evidence of deceit, fraud or abuse of confidence by the defendant. No trade secrets are involved. Plaintiff had no vested right to the patronage of its customers, and it may well be that its former customers, from whim, caprice or the winning qualities of the defendant, had transferred their business liking to him. The defendant, upon the severance of his employment, had the undoubted right to compete in a fair manner with his former employer and to use any knowledge acquired by him in so doing so long as he violated no confidence. Mere solicitation does not constitute unfair competition in the absence of an express agreement to the contrary. (*Scott & Co., Inc.*, v. *Scott*, 186 App. Div. 518; *Goldberg* v. *Goldberg*, 205 id. 435.) Furthermore, where there is a substantial dispute as to the facts, temporary injunctive relief should not be granted but the court should leave the issues to the forum of the trial. (*Voorhees & Hobart, Inc.*, v. *Hobart*, 251 App. Div. 111.)

The motion is, accordingly, denied. Order signed.