Morris E. Spector, J.
Motion for reargnment is granted and upon reargnment the original decision is adhered to with the following additional memorandum:
Plaintiff, engaged in the printing and stationery business, seeks to enjoin Pilmar, a former employee, and his associates, from soliciting or doing business with its approximately 500 customers. Plaintiff alleges that Pilmar has illicitly obtained a list of its customers and information concerning its prices and markups and the nature of the items ordered from plaintiff by *266 each of the customers involved. On oral argument it was stated that Pilmar had regularly serviced 70 or 80 of plaintiff’s customers in his sales capacity and had regularly visited their places of business. It could also appear from the papers that while working at plaintiff’s establishment Pilmar must have acquired a knowledge of plaintiff’s other customers.
Plaintiff asserts that Pilmar stole the index cards that it claims were or are missing and Pilmar admits inadvertently taking (and since returning) cards belonging to 14 or 15 customers, which cards had been in his desk or possession by reason of the fact that it was his custom to sometimes carry these cards with him when visiting the customers ’ offices. Plaintiff further states (in the affidavit of its vice-president and treasurer, Stanley Soltz) that Pilmar misappropriated a list of stationery items and prices for one of plaintiff’s largest customers, Exquisite Form Brassiere Co., and either copied or misappropriated same and returned the copy in his own handwriting. The affidavit of Jerry Taylor, purchasing agent for Exquisite Form, clearly shows that the list was given to him, at his request, while Pilmar was in plaintiff’s employ and was returned by him to Soltz.
The general rule is that in the absence of a breach of an express contract, or a breach of fiduciary duty, or fraud, an employee who has left his employment will not be restrained from competing with his former employer (Clark Paper & Mfg. Co. v. Stenacher, 236 N. Y. 312; Hirsh & Schofield v. Gusmer, 179 App. Div. 347, 352, affd. 226 N. Y. 649). Pilmar was not an officer of plaintiff and enjoyed no unusual or confidential relationship by reason of which he owed it a fiduciary duty (Commonwealth Sanitation Co. v. Fox, 107 N. Y. S. 2d 935).
In Boosing v. Dorman (148 App. Div. 824, affd. 210 N. Y. 529) the court distinguished between those cases where there are lists of many thousands of names and those cases where the customers solicited by the former employee are few in number. Here there are only 500 customers all told, of which Pilmar serviced 70 or 80 (and there are only 14 or 15 whose cards are alleged to have been taken). Where there is no written contract forbidding competition, a former employee may use lists of customers made up from his memory (New Rochelle Coal & Lumber Co. v. Pugliese, 86 N. Y. S. 2d 757; Morrison v. Phillips, 147 Misc. 238). Plaintiff has no vested right to its customers (Standard Library v. Addis, 167 Mise. 469). It would indeed be incredible if Pilmar could not remember the names and addresses of each and every one of the 70 or 80 accounts he had served for a number of years plus some of the other customers he knew used plaintiff.
*267 As to the contents of the index cards: Prices are not trade secrets in the sale of ordinary merchandise (Peerless Pattern Co. v. Pictorial Review Co., 147 App. Div. 715), nor are methods of estimating costs and markup percentages trade secrets (Richard M. Krause, Inc. v. Gardner, 99 N. Y. S. 2d 592). The items here were merely ordinary stationery items and Pilmar could easily underbid plaintiff by merely offering to cut plaintiff’s price by reason of a lower overhead (as did plaintiff after Pilmar left). For this purpose, the mere offer to Pilmar’s longtime contacts to cut the plaintiff’s prices could have elicited from the customers themselves all information contained in the cards except the discount percentages which Pilmar might easily have committed to memory over the years without any guilty intent. An injunction pendente lite will not be granted in an action of this sort where there is a substantial dispute over the facts, even if fraud or misrepresentation are alleged (Addante v. Cinelli, 143 N. Y. S. 2d 244; Standard Library v. Addis, 167 Misc. 469, supra).
As previously pointed out, Duane Jones Co. v. Burke (306 N. Y. 172) involved a calculated conspiracy (proven at the trial) to steal the plaintiff’s customers. In Town & Country Service v. Newbery (3 N Y 2d 554) and in Brina v. Baylis (156 N. Y. S. 2d 467) the lists of customers were unique compilations. The list in Conviser v. Brownstone & Co. (209 App. Div. 584) was of 7,000 to 8,000 ‘1 paid up ’ ’ customers of the plaintiff. And the list in Friedman v. Stewart’s Credit Corp. (26 N. Y. S. 2d 529, affd. 261 App. Div. 990) contained 10,000 names. Fairchild Engine & Airplane Corp. v. Cox (50 N. Y. S. 2d 643) involved the use of a secret process. Byrne v. Barrett (268 N. Y. 199) involved one detailed real estate transaction which had been negotiated almost to a conclusion by the defendant as an employee of plaintiffs before he left plaintiffs’ employ to conclude the transaction on his own behalf.
In People’s Coat, Apron & Towel Supply Co. v. Light (171 App. Div. 671, affd. 224 N. Y. 727) defendant was the driver of a delivery wagon who merely made deliveries to plaintiff’s customers. The Appellate Division did say that a written list was not necessary, but the customers were those on a particular route and unadvertised. Furthermore the holding there was that the defendant had competed unfairly by reason of his misleading the customers into believing that he still represented the plaintiff.
In view of all of the foregoing, plaintiff has failed to establish a clear right to the temporary injunction.