Henry Epstein, J.
This is an action for permanent injunction against defendants, founded on alleged unfair competition in the stationery trade. Action was commenced March 24, 1958 and the temporary restraining order was vacated by Mr. Justice Spector and a temporary injunction denied by him (11 Misc 2d 263 [April 1, 1958]). On reargument and careful reconsideration, Justice Spector reaffirmed his prior determination (11 Misc 2d 265 [April 9, 1958]). This court will not repeat the well-considered opinions of Justice Spector, believing that the applicable law was not only there properly applied to the interim status, but also quite applicable to the facts revealed on the trial before this court.
Plaintiff is a commercial stationer in New York City, conducting its business in a highly competitive field within a limited area near its place of business at 31 East 28th Street, where it has been for some 25 years. Defendant Pilmar began working for plaintiff while still in high school in 1945. Except for a short war-time absence, Pilmar was continuously so employed by plaintiff until February 28, 1958. He is now 30 years old, *92 married, and has two children. During his employment by plaintiff, Filmar progressed from assistant bookkeeper and store clerk to part-time salesman and store clerk from 1949 to 1958. As salesman, he had been assigned some 80 to 90 accounts, some active, many dormant, from plaintiff’s records. These he solicited, adding some of his own, for business on plaintiff’s behalf. Neither Filmar nor any other of plaintiff’s salesmen or employees had the protection or benefit of any written contract. He was an employee at will, subject to dismissal at any time. The stationery card catalog of customers, old and new, active and inactive, was open and available at all times to all in plaintiff’s employ. So, too, of the printing customers. These were available as deemed necessary to all who sought to solicit business at plaintiff’s direction. The catalog of “ Goldsmith ”, a Nassau Street concern, was used as a standard for price listing of stationery items.
For some time prior to February 28, 1958 Filmar considered going into business with a friend of his, defendant Ofsevit, and they formed defendant Kent Office Supply Co., Inc., for that purpose, on or about February 24, 1958. A place of business was rented about a block or so away from plaintiff corporation but no cards were mailed nor business solicited until March 1, 1958. Several days prior thereto Filmar had told Bober, president of plaintiff, that he was leaving and going into business with a friend. He was understandably upset in changing from employment to self-managed business for the first time, and also quite worried by threats made by Bober against defendants. Filmar offered to remain for one or two weeks to assist any replacement, which offer Bober rejected. Filmar went to his desk, put practically everything he had there, much of it personal, into a large manila envelope and took it home with him. Several days later plaintiff’s accountant came to defendants’ place of business seeking the records and incidental items removed by Filmar from his desk on leaving his former employment. On or before March 12 Filmar delivered those items removed from his desk, which were plaintiff’s property, to the accountant. Plaintiff claims these were confidential business items and were removed by stealth. Credibility is accorded Filmar, and not plaintiff’s officers, whose attempts to discredit Filmar were thoroughly answered by witnesses who had no interest in either party and who came to testify in support of defendants.
Noteworthy among the disputed items in this case is the price list prepared for one customer (the most important of all). Plaintiff sought to have this court believe that this was a secret *93 and planned attempt of defendant Pilmar to steal plaintiff’s price secrets. This list, in Pilmar’s handwriting, was in evidence. The original had been prepared for and delivered to Jerome Taylor, personnel manager and purchasing agent for “ Exquisite Form”, the customer in question. Taylor’s testimony in every particular supports the evidence of defendants and gives the lie to plaintiff. So, too, does the testimony of Mary Bryan, bookkeeper of Cyrus Clark & Co. for 15 years. She gave Pilmar an order on March 3, 1958 as a “ good will ” token on defendants’ entry into business. Finally, Walter Rosenthal, formerly with Exquisite Form Company, also furnished full corroboration of defendant Pilmar’s testimony. In this trial every bit of believable evidence supports defendants.
There remains the sole question whether the price information and customers’ contacts acquired by defendant Pilmar in 13 years of employment were of such a confidential character as to warrant the relief sought. Had plaintiff so desired, it could have tied Pilmar and other employees by contract not to use such information. No employee was so bound by written contract. In this case the proof fell far short of showing the said prices or customers to be of such a character. Plaintiff so conducted its business and so handled its employees that the latter were at the mercy of plaintiff’s momentary will. This court cannot under the circumstances deny to a young man his sole means of livelihood, acquired in plaintiff’s employ since high school days, because in the highly competitive field of stationery supplies, defendant Pilmar might wean some of plaintiff’s customers away. There is no general rule classifying information acquired over years of employment as confidential to the employer (Clark Paper & Mfg. Co. v. Stenacher, 236 N. Y. 312; Peerless Pattern Co. v. Pictorial Review Co., 147 App. Div. 715; Goldschmidt v. Sachs, 162 N. Y. S. 323; New Rochelle Coal & Lumber Co. v. Pugliese, 86 N. Y. S. 2d 757).
The language in Morrison v. Phillips (147 Misc. 238, 241) is most appropriate here. It states the principle fully supported by the overwhelming weight of authority: “ If the circumstances of this case could be held to warrant the relief sought by the plaintiff, it would open a field for injunctive relief through which the courts would be called upon to regulate mere conduct in practically all the avenues of trade. ’ ’
Both the facts herein and the application of the rule of law to such facts here find strong support in the language of this court in Standard Library v. Addis (167 Misc. 469); ee Mere solicitation does not constitute unfair competition in the absence of an express agreement to the contrary ” (p. 471). So, too, *94 in Monroe Coverall Service v. Bosner (283 App. Div. 451). Nor do we find any contrary conclusion in the case relied on by plaintiff (Town & Country House & Home Service v. Newberry, 3 N Y 2d 554, 559-560 [decided 1958]).
Under the facts revealed in this case and the law of the decided cases, a former employee, absent an express contract to the contrary and the proof failing to show any secret or confidential character, may solicit his former employer’s customers and no injunction will issue to prevent him from so doing.
Complaint dismissed, with costs.