Jacob J. Schwartzwald, J.
Plaintiff Washington Box & Paper Co., Inc., moves (1) for leave to strike and discontinue its named coplaintiff as a party to this action, and (2) seeks an injunction pendente lite against defendant, its former employee.
Movant is engaged in the manufacture and sale of corrugated boxes and allied paper products at wholesale. The papers show that both corporate entities are the named plaintiffs referred to as u related firms ” conducting similar business at the same address. However, since it appears that plaintiff President Container, Inc., was not a signatory to the alleged written employment agreement, it has no interest in this action and apparently was inadvertently named a party plaintiff. There being no objection to this phase of the motion, same is granted striking President Container, Inc. as a plaintiff herein and the action is discontinued as to it.
Defendant obtained employment as a salesman for movant some time in January, 1956, and allegedly was thereafter caused to sign a purported employment contract on February 13, 1956, one of its provisions being that defendant agrees to devote full time and attention to movant’s business “ and shall not be connected in any way with any other business ”. It also contained inter alia a negative covenant, the substance of which is that, upon termination of his employment, defendant will, for a period of two years following such termination, refrain from being employed in any capacity with any competitive business of movant in the City of New York.
It is on the basis of this provision in the contract that plaintiff seeks a temporary injunction. It is conceded that defendant left movant’s employ in October, 1958 and commenced to work for a company in the same general line of business as plaintiff. Gleaned from the papers, there is no showing that any trade *906 secrets are here involved, nor are there any facts adduced that any confidential character of plaintiff’s business was possessed by defendant, he being one of five or six salesmen in movant’s employ. The fact that defendant is now employed by a competitor of plaintiff’s is here not important. A negative covenant will not be enforced where there is nothing special about the character of the services rendered and there are no elements of trade secrets or unfair dealing. Here plaintiff, on employing defendant, gave the latter a list of customers to solicit. Defendant contends that such list was not a secret list since these same customers were visited “by at least twelve other salesmen from competing firms”. The court further notes that, although the negative covenant appeared in the agreement, movant admits in its affidavit that defendant “ was also employed by President Container, Inc.,” a corporate entity in the same line of business, while in movant’s employ. It is evident that plaintiff condoned and acquiesced in defendant’s coemployment with a competitor corporation for more than two years, albeit allegedly related with movant.
In Apollo Stationery Co. v. Filmar (15 Misc 2d 91) the court stated (p. 93):
“ There is no general rule classifying information acquired over years of employment as confidential to the employer (Clark Paper & Mfg. Co. v. Stenacker, 236 N. Y. 312 [and other citations]).
“ The language in Morrison v. Phillips (147 Misc. 238, 241) is most appropriate here. It states the principle fully supported by the overwhelming weight of authority: ‘If the circumstances of this case could be held to warrant the relief sought by the plaintiff, it would open a field for injunctive relief through which the courts would be called upon to regulate mere conduct in practically ah the avenues of trade.’ ”
In unanimously confirming denial of an injunction pendente lite at Special Term, the Appellate Division in Lloyds Employment Corp. v. Kraft (276 App. Div. 1036) stated: “The Special Term denied plaintiffs’ application principally on the ground that the negative covenant is valuable only to protect trade secrets and is unavailable to stifle competition. There are no trade secrets in plaintiffs’ business and no evidence that defendants have been guilty of any breach of confidence.”
Factual questions are here raised which the court will not determine on affidavits, especially so as neither party submitted supporting affidavits by others with knowledge of the facts. Such questions can be properly determined only upon the trial of the issues of this case. To grant a temporary *907 injunction on affidavits would be to use a harsh remedy, and perhaps deprive the defendant, pending trial, of the opportunity to earn a livelihood.
Accordingly, the motion for an injunction pendente lite is denied.
Settle order on notice.