■ S. TEPFER & SONS, INC., Respondent, v. RONALD ZSCHALER et al., Appellants.— In an action *inter alia* for an injunction, an accounting and damages, defendants appeal from an interlocutory judgment of the Supreme Court, Kings County, entered August 27, 1965, upon the oral decision of a Special Referee after a nonjury trial before him, in plaintiff's favor. Interlocutory judgment modified, on the law and the facts, (1) by striking out all but the fifth and ninth decretal paragraphs thereof; (2) by substituting for the deleted paragraphs the following directions: (a) that judgment be entered in favor of plaintiff against the individual defendants, jointly and severally; (b) that said defendants jointly and severally shall account to plaintiff for the item of damages which was sustained by it as a result of their acts and conduct in the formation of the defendant Art Precision Metal Products, Inc., which is referred to in said fifth decretal paragraph; and (3) by providing that the complaint as against the corporate defendant is dismissed and action severed accordingly. As so modified, judgment affirmed, without costs, and action as against the individual defendants remitted to the Special Referee for further proceedings not inconsistent herewith. Findings of fact contained or implicit in the oral decision of the Special Referee which may be inconsistent

herewith are reversed and new findings are made as indicated herein. The individual defendants are directed to file a verified statement of account with the Special Referee, limited to the aforesaid item of damages, and to serve a copy thereof upon plaintiff's attorneys, within 20 days after entry of the order hereon. In April, 1964 the individual defendants were employed at will by plaintiff, whose business was the forming and machining of metal parts in accordance with orders of its customers. Defendant Zschaler was employed as plaintiff's estimator, customer liaison and draftsman; defendant Triola as plaintiff's plant foreman; and defendant Marino as a machinist. In April, 1964 the individual defendants, using their own time and money, incorporated defendant Art Precision Metal Products, Inc. and thereafter leased premises, purchased machinery and installed shelving for it, all with an eye to engaging in the same kind of business as that of plaintiff. During May and June, 1964, the individual defendants left plaintiff's employ and only thereafter did defendants do business with plaintiff's customers and use the services of concerns who performed nonexclusive subcontracted work for plaintiff. Plaintiff's customers are known manufacturers who often asked plaintiff for bids on the manufacture of parts, the blueprints of which were supplied by them to plaintiff. Similarly, the firms to which plaintiff subcontracted work were known in the trade for the services or other work they performed. In our opinion, the identities of plaintiff's customers and subcontractors did not constitute a trade secret (cf. *Town & Country House & Home Serv.* v. *Newbery,* 3 N Y 2d 554). No evidence was produced to show plaintiff's use of secret designs or secret manufacturing operations. Knowledge of plaintiff's past prices and costs, without more, does not inhibit defendants' roles as plaintiff's competitors. Nor do we find, among plaintiff's general assertions of largely undescribed missing property, proof sufficient to establish guilt of defendants. Finally, the incorporation of defendant Art Precision, the leasing of premises, purchase of machinery and the installation of shelving for it do not entitle plaintiff to injunctive relief merely because the individual defendants were in plaintiff's employ at the time that those facts occurred. (See *Town & Country House & Home Serv.* v. *Newbery, supra,* p. 557.) However, it is our opinion that plaintiff is entitled to recover the wages paid to the individual defendants during the period when, still employed by plaintiff, they were engaged in establishing defendant Art Precision (*Lamdin* v. *Broadway Surface Adv. Corp.,* 272 N. Y. 133, 138; *Defler Corp.* v. *Kleeman,* 19 A D 2d 396, 404). Hill, Acting P. J., Rabin, Hopkins and Benjamin, JJ., concur.