■ BURNETT PROCESS, INC., et al., Appellants, v RICHLAR INDUSTRIES, INC., et al., Respondents.—Judgment unanimously affirmed, with costs, Simons, J., not participating. Memorandum: Plaintiffs appeal from that part of the judgment which dismissed their complaint against all of the defendants. The Trial Justice, Roy, J., in his thorough and detailed decision has fully recited and analyzed the evidence. We concur with his findings and add a brief statement of the applicable law. Plaintiffs' complaint charged that defendants Lay and Bruntrager violated the duty of honest and fair dealing which they as employees owed their employers, the plaintiffs. It is well settled that an employee "is prohibited from acting in any manner inconsistent with his agency or trust and is at all times bound to exercise the utmost good faith and loyalty in the performance of his duties" *(Lamdin v Broadway Surface Adv. Corp.,* 272 NY 133, 138; see, also, *Jones Co. v Burke,* 306 NY 172; *Bruno Co. v Friedberg,* 21 AD2d 336, mod on other grounds 28 AD2d 91, affd 23 NY2d 798; *Defler Corp. v Kleeman,* 19 AD2d 396, app dsmd 13 NY2d 1174). However, "in the absence of an express contract, or a breach of a fiduciary duty, or fraud, an employee who has left his employment will not be restrained from competing with his former employer *(Clark Paper & Mfg. Co. v. Stenacher,* 236 N. Y. 312)" *(Anchor*

*Alloys v Non-Ferrous Processing Corp.,* 39 AD2d 504, 507; see, also, *Monroe Coverall Serv. v Bosner, 283 App Div 451, amd on other grounds 283 App Div 998; Washer v Seager,* 272 App Div 297, affd 297 NY 918; *Appollo Stationery Co. v Pilmar,* 15 Misc 2d 91, affd 9 AD2d 649). We concur with the trial court's finding that the requirement of fair dealing was met and that there was "nothing improper with the formation of a corporation to compete in the marketplace". The trial court also properly found that the plaintiffs had failed to establish that defendants had improperly induced third parties to breach their contractual obligations owed to plaintiffs. There was no fact pattern which showed interference with or destruction of orders legitimately placed with the plaintiffs (cf. *Hercules Packing Corp. v Steinbruckner,* 28 AD2d 635; *Bruno Co. v Friedberg,* 21 AD2d 336, *supra).* The record supports the trial court's finding that defendants were not guilty of "any disloyal or improper conduct". Plaintiffs' final claim of error is the trial court's conclusion that plaintiffs had failed to establish that the Carrier Corporation account and the machine press were entitled to trade secret protection. "It has been well established that an employee, who has had entrusted to him confidential information pertaining to the conduct and clientele of his employer's business which he would not have obtained were it not for his status as a trusted employee and which affords him an advantage over other competitors to whom the information is not available, may not subsequently use that information to further his own ends [citing cases]" *(Defler Corp. v Kleeman,* 19 AD2d 396, 401, *supra).* The claim that defendants caused the Carrier specification book to disappear was not supported by proof. The trial court properly concluded that plaintiffs failed to show any culpability on the part of the defendants (see *Tepfer & Sons v Zschaler,* 25 AD2d 786, 787). Similarly, plaintiffs' contention that its machine press was entitled to trade secret protection and that defendants' use of a similar machine was improper has no merit. The trial court correctly found that the machine "was not unique" and that others had secured similar machines from the manufacturer of it (see *Kaumagraph Co. v Stampagraph Co.,* 197 App Div 66, 77, affd 235 NY 1). Plaintiffs have focused their appeal on the trial court's findings with respect to the sufficiency of proof. The standard of review applicable to these conclusions by the trial court is for our court "not [to] disturb findings based upon conflicting evidence and involving credibility of witnesses unless it is obvious that the [trial] court's conclusion could not be reached by any fair interpretation of the evidence" *(Collins v Wilson,* 40 AD2d 750, 751; see, also, *Kelly v Watson Elevator Co.,* 309 NY 49, 51). Applying this principle the judgment is affirmed. (Appeal from judgment of Onondaga Supreme Court—breach of fiduciary duty.) Present—Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.